Crippen v. Brown.

---

CRIPPEN vs. BROWN and CHASE.

A retaining fee for counsel is a proper charge, in a suit where counsel, other than the solicitor, is actually retained.

The charge for counsel's perusing and signing an answer is proper, although the counsel who performed the service was the solicitor in the cause.

Where defendants have no conflicting interests, which require protection by separate answers, and where no statement is made in the answer by one defendant, which the other defendants believe to be false, and cannot therefore conscientiously swear that they believe it to be true, if the defendants appear by the same solicitor, or by solicitors who are copartners, they must put in a joint answer; and if they sever in their defences, the costs of separate answers will be disallowed.

It is unnecessary to set out at length, in an answer, provisions of the revised statutes,

Crippen *v.* Brown.

or to annex thereto, as schedules, copies of a master's deed, or of a bond and mortgage; and all charges for the same will be disallowed on taxation.

A charge for solicitor's attendance on the register, on entering an appearance of a defendant, is not allowable.

No charge for engrossing the list of witnesses, or for a notice that it is a list of witnesses, is taxable.

No charge can be made by a defendant, for subpœnas and subpœnaing witnesses, for a time when such witnesses could not be examined; and when the defendant refused to proceed to an examination because he had not given a regular notice of the examination to the complainant's solicitor.

The allowance for witnesses' fees, made by the 8th section of the act of May, 1840 concerning costs and fees in courts of law and for other purposes, extends to witnesses in suits and proceedings in the court of chancery.

The usual affidavit annexed to the bill of costs, that the disbursements charged have been actually and necessarily paid or incurred, is a sufficient verification of the charges for disbursements for witnesses' fees, unless charges are made for the travel and attendance of witnesses who were not examined, or there is something to raise a doubt as to the good faith of the charges for such disbursements.

Where there is any ground for believing that witnesses have been subpœnaed for the mere purpose of swelling the bill of costs against the adverse party, the taxing officer ought not to allow fees for attendance and travel of the witnesses, without an affidavit of the party himself, that he not only deemed the whole number of witnesses charged for material and necessary, but that he had actually paid them the full amount charged in the bill, for their travel and attendance, previous to the termination of the suit.

No charge for an extra affidavit in support of the allowance, claimed as disbursements for witnesses' fees, should be taxed; except in those cases where the taxing officer deems it proper to require the affidavit of the party that the fees for the travel and attendance of the witnesses, as charged in the bill, have been necessarily incurred and actually paid.

No charge for prospective postage, subsequent to the taxation of costs, can be allowed.

No prospective disbursements can be allowed, except such as must necessarily be incurred for the fees of officers which are fixed by law, and the amount of which can be ascertained and deducted from the taxed bill, when the amount of such bill is paid before such prospective services are performed.

THIS was an application, on the part of the complainant, for a re-taxation of the costs of the defendants' solicitor, upon the dismissal of the complainant's bill with costs.

*J. V. L. Pruyn*, for the complainant.

*Azor Taber*, for the defendants.

Crippen *v.* Brown.

THE CHANCELLOR. The retaining fee to counsel, as well as to the solicitor, was properly taxed, as the solicitor swears that counsel other than himself was actually retained in the cause; and the charge for counsel perusing and signing the answer is also taxable, under the present fee bill, although the counsel whose name alone is affixed was the solicitor in the cause. The decision on this subject, in the case of *Rogers* v. *Rogers*, (2 *Paige's Rep.* 472,) was under the fee bill of 1818, which made no allowance for this service where it was done by counsel who was the solicitor in the cause. In the present fee bill that restriction, which was inserted by Chancellor Kent, in the act of 1818, is left out; so that the solicitor, if he is a counsellor and signs the pleadings as such, is entitled to charge for perusing and signing. But the objection that only one answer was necessary in this case was well taken; and of course only one charge for perusing and signing should have been allowed. The 130th rule directs the taxing officer to disallow the costs of separate answers of two or more defendants who appear by the same solicitor, or by solicitors who are coparthers, and where such defendants unnecessarily sever in their defences. Here, the claim of the complainant was against both defendants, in relation to a mortgage given to them jointly, and upon a subsequent agreement made by one of them, in behalf of himself and the other, in relation to the purchase of the property by them, upon the sale under the prior mortgage. They had, therefore, no conflicting interest as between themselves, which it was necessary to protect by separate answers; nor is it pretended that there is any statement in the answer of either which his co-defendant believed to be false, so that he could not conscientiously have sworn that he believed the whole answer to be true. Separate answers, then, were unnecessary and improper. It was also useless prolixity to set out at length, in the answer, the provisions of the revised statutes relative to usurious contracts, &c. Four folios of the draft, and of the several copies of the answer and of the engrossment, must be stricken out on that ground. And it was also improper, and wholly useless, to annex copies of the master's deed, and of the bond and mortgage to the defen-

dants, to their answer, as schedules. The statement of the giving of the master's deed, and of the bond and mortgage, as contained in the body of the answer, was all that was called for by the circumstances of the case. All the charges for engrossing, copying or abbreviating these useless schedules, should have been stricken out by the taxing officer. The request to the register, to enter the appearance of the defendant, is not a notice, and ought not to have been allowed on taxation as such. It was allowed as a precipe under the former fee bill. But the revised statutes having abolished all allowances for precipes, nothing is taxable for the request or direction to the register to enter the appearance of the defendant. Nor was the defendants' solicitor entitled to the charge of fifty cents for attending the register to enter their appearance. The allowance is for attending upon the entry of an order only. Engrossing the list of witnesses was not taxable; and the notice that the list of witnesses was a list of witnesses, was unnecessary, and should not have been taxed. If the list of witnesses was properly drawn, it would have shown on its face what it was. The charge for subpœnas and for subpœnaing witnesses, for a time when they could not be examined, and when the defendants refused to proceed to an examination because they had not given a regular notice of such examination to the complainant's solicitor, should have been disallowed.

The objection to the charge for witnesses' fees, depends upon the question whether the allowances for witnesses' fees, by the 8th section of the act of May, 1840, concerning costs and fees in courts of law, and for other purposes, (*Laws of* 1840, *p.* 331,) extends to witnesses in suits and proceedings in this court. That act commences by declaring, that for the following services, thereafter to be done or performed in any court of law, in this state, being a court of record, the following fees shall be allowed. And the five succeeding sections then provide a tariff of fees for counsellors, attorneys and clerks; which fees unquestionably were intended to be restricted to actions in courts of law only. Then comes the seventh section, which requires the clerks of courts of law, and the register, assistant register, and clerks of

the court of chancery, to perform the duties of agents for attorneys and solicitors without fee or reward. The eighth section, relative to witnesses' fees, is as follows : " For each witness, fifty cents for each day, while attending *any court or officer ;* and if the witness resides more than three miles from the place of attendance, travelling fees at the rate of four cents per mile going and returning." The connexion in which this section is found would seem to limit its operation to witnesses in the courts of law, being courts of record, mentioned in the first section of the act ; while its language is broad enough to embrace the fees of witnesses in courts of equity, and in courts of law which are not courts of record ; and also in summary proceedings before officers out of court. It is wholly improbable, however, that the legislature could have intended this section to apply to witnesses' fees in justices' courts, for which a special provision was before made by law ; although its language is equally applicable to those courts as it is to this court. I should therefore feel constrained to limit its operation to the fees of witnesses in the courts of law mentioned in the first section of the act of the 14th of May, 1840, did not the repealing clause of that act indicate that it was probably intended as a substitute for the section of the revised statutes relative to witnesses' fees for attending any court, officer, referees or arbitrarors. That section embraced witnesses' fees in all courts, and in all proceedings before any officer out of court, in civil cases, where no special provision was made by law for the compensation of the witness. (2 *R. S.* 642, § 33. *Idem,* 650, §§ 1, 2.) And as there was no other provision by law for compensation to witnesses in the courts of equity, the repeal of this section of the revised statutes must necessarily leave them without any compensation whatever, unless the eighth section of the act of the 14th of May, 1840, is construed as extending to witnesses' fees in this court. For the thirty-third section of title three of chapter ten of the third part of the revised statutes, which is the section relative to witnesses' fees, is in terms repealed by the act of May, 1840. Taking the whole of that act together, therefore, I am bound to conclude that the eighth section thereof was intended as a substitute for the thirty-third section of the

Crippen v. Brown.

general fee bill contained in the revised statutes, and that it embraces the proper rate of compensation to be paid to witnesses, for their services, in suits in the courts of equity, as well as in courts of law which are courts of record. The allowance for witnesses, at the rate of fifty cents a day, and four cents for each mile of travel, when the witness resided more than three miles from the examiner's office, was therefore properly made by the taxing officer; except as to the witness Sayer, who was not examined; and who was subpœnaed to attend when he could not be examined for want of notice.

The affidavit, of eight folios, as to the attendance of the witnesses and the distance travelled, was wholly unnecessary and should not have been allowed. The proper mode of charging for witnesses' fees in a bill of costs, is to state in the bill the name of the witness, the number of days he attended; and the distance of his residence from the office of the examiner, or from the place of his examination. And then the usual affidavit, that the disbursements charged in the bill have been actually and necessarily paid or incurred, will contain a sufficient verification of the charges for disbursements for witnesses' fees; unless charges are made for the travel and attendance of witnesses who were not in fact examined, or there is something to raise a doubt as to the good faith of the charges for such disbursements. But where there is any ground for believing that witnesses have been subpœnaed for the mere purpose of swelling the bill of costs against the adverse party, the taxing officer ought not to allow the fees charged, for the attendance and travel of the witnesses, without an affidavit of the party himself, that he not only deemed the whole number of witnesses charged for material and necessary, but that he has actually paid them the full amount charged in the bill, for their travel and attendance, previous to the termination of the suit. Such an affidavit, of actual payment to the witnesses, will be sufficient to guard against fictitious charges for the attendance of witnesses; as there is but little danger that a party will actually pay money out of his own pocket, to witnesses who are not considered by him as necessary, upon the doubtful chance of recovering it back again from his

Crippen *v.* Brown.

adversary in the suit. And as the increased allowance for witnesses' fees was intended for the benefit of the witness, and not of the party who subpœnas him, the most effectual way to secure the benefit of the allowance to the person for whom it was intended by the legislature, would be to require an affidavit, in all cases, that the fees charged had been actually paid to the witnesses, before taxation of the costs. No such abuse of the power of subpœnaing witnesses has ever been brought to the attention of this court, however, as to render it expedient to give a general direction to the taxing officers to require such an affidavit in ordinary cases, where no ground of suspicion exists. And the charge for an extra affidavit, in support of the allowance claimed as disbursements for witnesses' fees, should not be taxed, except in those cases where the taxing officer deems it proper to require the affidavit of the party, that the fees for the travel and attendance of the witnesses, as charged in the bill, have been necessarily incurred and actually paid.

The charge of $4,22 for prospective postage, subsequent to the taxation of costs, ought not to have been allowed; as the items thereof are not stated in the bill. Nor does the statute in relation to costs justify an allowance for disbursements in prospect, except such as must necessarily be incurred for the fees of officers which are fixed by law; so that the amount thereof may be ascertained and deducted from the taxed bill, when the amount is paid before such prospective services are performed.

The items overcharged in this bill of costs, or which ought to have been wholly stricken out, amount to $73,16; which sum must be deducted from the costs as taxed, and the balance only is to be paid. And as the complainant has succeeded as to nearly every item objected to before the taxing officer, the defendants must pay him $10, towards his costs upon this application for a re-taxation.