THOMAS MURTHA, Appellant, *v.* MICHAEL CURLEY, Impleaded, etc., Respondent.

Where a plaintiff is entitled to costs, under the Code of Civil Procedure (§ 3228), upon entry of judgment in his favor, and such judgment is reversed and new trial granted by the General Term " with costs to appellant to abide the event," but is affirmed on appeal by plaintiff to this court, he is entitled, of course, to the costs of the appeals to the General Term and to this court. (Code, § 3238.)

(Submitted April 17, 1883; decided May 1, 1883.)

APPEAL from order of the General Term of the Superior Court of the city of New York, made the first Monday of February, 1883, which reversed an order of Special Term retaxing plaintiff's costs.

The facts are sufficiently stated in the opinion.

*Adolphus D. Pape* for appellant. Plaintiff is entitled to the costs at General Term. (*Sanders* v. *Townsend,* 11 Abb. N. C. 217; Code of Civ. Proc., §§ 3228, 3230, 3237, 3238.) The order is appealable. (*Sturgis* v. *Spofford,* 58 N. Y. 103; 3 Abb. [N. S.] 183; 49 N. Y. 660.)

*Starr & Hooker* for respondent. The first appeal to the General Term being from a final judgment the costs thereof were in the discretion of the General Term, under section 3238 of the Code of Civil Procedure, because a new trial was directed. (Subd. 1, last clause of § 3238.) Also because the action was in equity. (Subd. 2 of § 3238; *Black* v. *O' Brien*, 23 Hun, 82, 84; *Taylor* v. *Root*, 48 N. Y. 687; *Palmer* v. *Ranken*, 56 How. 354; *Chipman* v. *Montgomery*, 63 N. Y. 222, 238; *Matter of Prot. Epis. School*, 86 id. 397, 398.) Where, as in the present cause, there was a reversal by the Court of Appeals "with costs," the costs of the Court of Appeals only are intended. (*Sisters of Charity* v. *Kelly*, 68 N. Y. 628; *Post* v. *Doremus*, 60 id. 372, 380.) As the Court of Appeals did not give to Murtha the costs of the appeal to the General Term, the Special Term had no authority, either original or delegated by the *remittitur*, to review a discretion in the matter of costs of appeal to a General Term already exercised by that General Term. (*Matter of N. Y. Prot. Epis. School*, 24 Hun, 369.) It is only where costs are given generally "to abide the event," that whichever party is successful eventually is entitled to tax the costs of such appeal to the General Term. (*First Nat. B'k of Meadville* v. *Fourth Nat. B'k of N. Y.*, 22 Hun, 563; *Howell* v. *Van Sichen*, 8 id. 525.)

EARL, J. In this action a money judgment was recovered against the defendant. From that judgment he appealed to the General Term of the New York Superior Court, where the judgment was reversed and a new trial granted, "with costs to the appellant to abide the event of such new trial." From the order of the General Term the plaintiff appealed to the Court of Appeals, which reversed the order of the General Term and affirmed the judgment of the Special Term, "with costs." Upon the taxation of costs, plaintiff sought to tax the costs of the appeal to the General Term. Upon objection on behalf of the defendant, the clerk disallowed such costs, and plaintiff then appealed to the Special Term, which re-

versed the ruling of the clerk and directed him to tax the costs of the appeal to the General Term. The defendant then appealed from the order of the Special Term to the General Term, which reversed the order of the Special Term and affirmed the ruling of the clerk, and this appeal is from that order of the General Term.

Section 3228 of the Code provides for the cases in which a plaintiff is entitled to costs of course; and subdivisions 1, 2 and 3 of that section provide for costs in what are commonly called actions at law. Subdivision 4 gives costs to the plaintiff in "an action other than one of those specified in the foregoing subdivisions of this section, in which the complaint demands judgment for a sum of money only." Under this subdivision it does not matter whether the action be legal or equitable, the sole condition being that the judgment demanded must be for money only. Section 3229 provides that the defendant shall have costs, of course, in the same actions specified in the preceding section, unless the plaintiff is entitled to costs as therein prescribed. Section 3230 provides that, except as prescribed in the preceding two sections, the court may, in its discretion, award costs to any party upon the rendering of a final judgment. Section 3237 provides that the preceding sections "do not affect the recovery of costs upon an appeal;" and then section 3238 provides that "upon an appeal from the final judgment in an action the recovery of costs is regulated as follows: 1st. In an action specified in section 3228 of this act the respondent is entitled to costs upon the affirmance, and the appellant upon the reversal of the judgment appealed from; except that where a new trial is directed costs may be awarded to either party, absolutely or to abide the event, in the discretion of the court. 2d. In every other action, and also where the final judgment appealed from is affirmed in part and reversed in part, costs may be awarded in like manner, in the discretion of the court."

It does not appear in the record before us what judgment was demanded in the complaint. From the fact a money judgment was rendered we may infer that a money judgment

only was demanded in the complaint; and such from records in our possession we know to be the fact. (90 N. Y. 372.) Therefore this is a case where the plaintiff was entitled to costs of course under section 3228, upon the entry of the judgment in his favor; and as his judgment was finally affirmed in this court, he was of course entitled to his costs of the appeals to the General Term and to this court, under section 3238.

It follows from these views that the order of the General Term should be reversed, and that of the Special Term affirmed, with costs of the appeal to the General Term and to this court.

All concur.

Ordered accordingly.