In the Matter of the Application of the WATER COMMIS-
SIONERS OF AMSTERDAM, to acquire title to lands of
JOHN CHALMERS, *et al.*

*Court of Appeals, February* 11, 1887.

Reversing same matter, 36 Hun, 534.

*Costs.*—The words "with costs" in an order of reversal or affirmance
in the court of appeals, in a case where the allowance of costs is
discretionary, mean costs in that court only.
See note at end of case.

*M. L. Stover*, for appellants.

*John M. Carroll*, for respondents.

PER CURIAM.—In the case of Sisters of Charity *v.* Kelly,
68 N. Y. 628, we construed the words " with costs," in an
order of reversal or affirmance in this court, in a case where
the allowance of costs is discretionary, as meaning costs in
this court only.    The case of Murtha *v.* Curley, 92 N. Y.
359, was one where the prevailing party was entitled to
costs as of course, and the decision was placed upon that
ground.    The rule we established in Sisters of Charity *v.*
Kelly, has been followed since the decision of that case, un-
less by inadvertence.    The reversal on the original appeal
in this case was " with costs," and, as construed, entitled
the appellant to costs in this court only.    If the appellant
deemed himself aggrieved, his remedy was to apply to this
court for an amendment of the order.    The order of the
general and special terms should therefore be reversed, and
the taxation by the clerk affirmed.    But, as the appellant
may have been misled by a remark in the opinion in Murtha

*v.* Curley, as published in 3 Civ. Proc. R. 265, but intentionally omitted in the opinion as published in the regular series, we think the reversal should be without costs

All concur.

NOTE ON THE EFFECT OF THE ORDER OR MEMORANDUM WHEREBY THE APPELLATE COURT AWARDS COSTS ON GRANTING A NEW TRIAL.

There is a conflict in the cases as to the meaning and effect of the terms " with costs to abide the event;" or, " with costs to appellant to abide the event;" or, reversed " with costs," as used in the order of the appellate courts awarding costs, under section 3238 and 3239 of the Code of Civil Procedure.

The said sections read as follows:

§ 3238.    Upon an appeal from the final judgment in an action, the recovery of costs is regulated as follows:

1. In an action specified in § 3228 of this act, the respondent is entitled to costs upon the affirmance, and the appellant upon the reversal, of the judgment appealed from; except that, where a new trial is directed, costs may be awarded to either party, absolutely or to abide the event, in the discretion of the court.

2. In every other action, and also where the final judgment appealed from is affirmed in part, and reversed in part, costs may be awarded in like manner, in the discretion of the court.

§ 3239.    Upon an appeal from an interlocutory judgment or an order, in an action, costs are in the discretion of the court and may be awarded absolutely, or to abide the event, except as follows:

1. Where the appeal is taken from an order, granting or refusing a new trial, and the decision upon the appeal refuses a new trial, the respondent is entitled, of course, to the costs of the appeal.

2. Where an appeal is taken from an order, refusing a new trial, and an appeal is also taken from the judgment rendered upon the trial, neither party is entitled to the costs of the appeal from the order.

Where a new trial is ordered by the appellate court on an appeal from a judgment, or from an order granting or refusing a new trial, costs are necessarily awarded, but some difference of practice or usage exists as to the exercise of judicial discretion in granting them, whether absolutely to the party succeeding in obtaining a new trial, as a compensation for his labor in vindicating his right to it; or conditionally, in case he succeeds in the final event of the action, upon the view that, if his case is without merit and his appeal is successful only upon technical grounds or for delay, he ought not to have such indemnity; or to the party ultimately successful in the action,