FREDERICK C. DURANT, AS EXECUTOR, ETC., OF CHARLES W. DURANT, DECEASED, APPELLANT, v. WILLIAM P. ABENDROTH, RESPONDENT, IMPLEADED, ETC.

*Order of a General Term reversing a judgment and directing a new trial, " with costs to abide the event" — the party whose judgment was reversed is not entitled to the costs of such appeal, although finally successful — he is entitled to the costs of the trial at which the judgment was recovered — when items for witnesses' fees will be stricken from a bill of costs, because of the insufficiency of the affidavit upon which they were allowed.*

Upon an appeal taken by the plaintiff from a judgment recovered by the defendant the judgment was reversed and a new trial was ordered, the order directing that the costs abide the event of the action. Upon the subsequent trial of the action a verdict was directed in favor of the plaintiff for certain causes of action mentioned in the complaint, and for the defendant upon other and distinct causes of action contained in the same complaint. The costs and disbursements of the appeal were allowed to the defendant as part of his costs. Upon an appeal from an order denying a motion for a retaxation of the defendant's bill of costs,

*Held,* that this direction, that the costs should abide the event, did not authorize the costs of the appeal to be given to the defendant even though he succeeded eventually and finally in the litigation.

* *Sheridan* v. *Genet* (1 Civ. Pro. R., 306 ; *Union Trust Company* v. *Whiton* (17 Hun, 593) followed; *Comly* v. *Mayor* (1 Civ. Pro. R., 306) overruled; *First National Bank, etc.,* v. *Fourth National Bank* (84 N. Y., 469) and *Murtha* v. *Curley* (92 id., 359) distinguished.

That the costs on the appeal, including the stenographer's fees for a copy of his minutes and amendments to the case, and all disbursements attending the appeal, should be excluded from the defendant's bill of costs.

That the costs of the trial, in which the defendant was successful, and the judgment upon which was reversed, stood upon a different ground, and the defendant, being the successful party, was, by the provisions of the Code of Civil Procedure, entitled to recover them.

*Howell* v. *Van Siclen* (8 Hun, 524) followed.

Items were included for witnesses' fees which were claimed by the defendant. The affidavit which was made to sustain the defendant's right to receive them did not show that the witnesses had been sworn upon the trial, or that if they were not sworn, their attendance had been obtained in good faith, with the expectation that their evidence would become material on the trial of the issues.

*Held,* that the witness fees should be stricken out, as the affidavit was wholly insufficient.

APPEAL from an order, made at Special Term, denying a motion for a retaxation of the defendant's costs.

*Carlisle Norwood, Jr.,* for the appellant.

*William H. Arnoux* and *David F. Butcher,* for the respondent.

*The opinion in this case of *Sheridan* v. *Genet* was delivered by BRADY, J., at a Special Term held in December, 1878, the order entered upon his decision being affirmed by the General Term in February, 1879, upon the opinion of the court below, of which the following is a copy:

BRADY, J.:

The appeal from the taxation taken herein must be sustained so far as it relates to the costs of the appeal taken by the defendant to the General Term. The costs of that appeal were given to abide event, that is, to the appellant, if successful, but certainly not to the plaintiff and respondent, whose judgment was erroneous, and to correct which the appeal was necessary. The effect of allowing the costs to the respondent would be to make the defendant and appellant pay for a perfectly proper proceeding for protection against an unlawful decree. The defendant is punished sufficiently for defending the action by imposing the general costs, and by withholding from him the expenses of his appeal to correct the errors committed against him. The cases in the 11th and 12th Hun (*Van Wyck* v. *Baker,* 11 Hun, 309; *Snyder* v. *Collins,* 12 id., 383), referred to by the plaintiff's counsel, do not sustain his right to the costs as claimed.

**18**            DURANT *v.* ABENDROTH.

DANIELS, J.:

Upon the trial of this action a verdict was directed in favor of the plaintiff for certain causes of action mentioned in the complaint, and for the defendant upon other and distinct causes of action contained in the same complaint. This direction entitled the defendant to costs under section 3234 of the Code of Civil Procedure, but in their adjustment the costs and disbursements of an appeal taken by the plaintiff from a preceding judgment in the defendant's favor were allowed to the defendant as part of the costs he was considered entitled to · recover. Upon that appeal the defendant was unsuccessful, and the judgment which had been recovered in his favor was reversed. In reversing the judgment and ordering a new trial, the order directed the costs to abide the event of the action. This direction has been considered by this court not to authorize the party in whose favor the judgment reversed had been recovered to an allowance of the costs of the appeal, even though he succeeds eventually and finally in the litigation. It has been held by this General Term, the opinion being delivered by Mr. Justice BRADY, in the case of *Sheridan* v. *Genet,* that the party finally succeeding should not be allowed the costs of an appeal taken to correct an erroneous ruling which had resulted from the position taken by him in the course of a previous trial. This conclusion commended itself to the adoption of the court, for it was considered unjust to allow a party, through whose acts costs were needlessly accumulated, to avail himself of the advantage of an indefensible position taken by him, and in that manner finally secure their allowance. And a direction that the costs of the appeal, resulting in the reversal of the judgment, should abide the event, was not considered entitled to be construed in such a manner as to give such costs to the unsuccessful party in the appeal. They were made discretionary by section 3238 of the Code of Civil Procedure, and it was regarded as the best exercise of that discretion not to allow such costs to be recovered by the party whose conduct had erroneously subjected the other side to the necessity of incurring them. A difference of opinion has existed as to the construction of this direction in the order; and in *Comly* v. *Mayor, etc.* (1 Civ. Pro. Rep., 306), it was held at the Special Term that the successful party in the litigation might recover such costs. But

this was not in harmony with the decision of the General Term in the case already mentioned, a report of which is contained in a note to the case just cited (page 309). And the same ruling was followed in *Union Trust Company* v. *Whiton* (17 Hun, 593.) And an appeal from that decision was dismissed by the Court of Appeals and the case again reported in 78 New York, 491. This dismissal of the appeal proceeded upon the ground that it was for the General Term to construe and carry its own discretionary order into effect.

On the hearing of the motion at the Special Term the conclusion was adopted that the Court of Appeals afterwards prescribed a different rule for the construction and effect of this direction in an order of reversal, but this construction was given only to the orders made by the Court of Appeals. (*First Nat. Bank, etc.,* v. *Fourth Nat. Bank,* 84 N. Y., 469; *Murtha* v. *Curley,* 92 id., 359.) That court has held in these cases that such a direction contained in its own orders will entitle the unsuccessful party upon an appeal to claim and adjust in his favor the costs of the appeal where he may be finally successful in the action. The decisions apply to the orders of the Court of Appeals and not to the orders of the General Term of the Supreme Court. As to these orders no change has been made in the decision previously announced declaring it to be for the General Term to determine what construction should be given to this language when inserted in its own order. The costs on the appeal, therefore, including the stenographer's fees for copy of his minutes and amendments to the case, and all disbursements attending the appeal should not have been allowed to the defendant upon the adjustment made in the action.

The costs of the trial in which the defendant was successful and the judgment upon which was reversed in the disposition of the appeal, stand upon a different ground. The action was one where the successful party by the provisions of the Code was entitled to recover such costs. They were in no manner discretionary. And as to the costs of the trial which were objected to, they were legally allowed. (*Howell* v. *Van Siclen,* 8 Hun, 524.) But in allowing these costs, items were included which the defendant was not entitled to have adjusted in his favor. The witnesses' fees claimed by him could not be allowed without an affidavit, and that which was made to sustain his right to such fees was insufficient. It

did not show that the witnesses had been sworn upon the trial, or if they were not sworn that their attendance had been obtained in good faith with the expectation that their evidence would become material on the trial of the issues. It was wholly insufficient; and the allowances made for witnesses' fees should also be stricken out of the bill unless upon a readjustment a proper affidavit entitling the defendant to these fees, shall be produced.

There seems to be no legal ground of objection to the term fees included in the bill, nor to the charge for affidavits and acknowledgments, or for the fees of the clerk for entering the first judgment, or the expenses paid for a copy of the opinion of the court, or the fee paid to the clerk for a copy of the minutes on the first trial, but the charge for a satisfaction piece and the sheriff's jury fees seems to be without support. As to them they should be excluded from the bill unless some evidence shall be produced authenticating and sustaining them. The order should be reversed and an order entered directing a readjustment of the costs by excluding from the bill the items which the clerk should not have allowed, including the witnesses' fees, unless a further and sufficient affidavit shall be produced sustaining the defendant's right to the allowance of these fees. And no costs either on the appeal or the decision of the motion should be allowed to either party.

VAN BRUNT, P. J., and BRADY, J., concurred.

Order reversed and order entered as directed in opinion, without costs to either party.