WILLIAM H. HOUSE, Appellant, v. JOHN M. LOCKWOOD and JULIET R. LOCKWOOD, Respondents.

*Costs, finally taxable in favor of successful defendants after a second trial — in an equity action in which the first judgment in their favor has been reversed on appeal and a new trial ordered, costs to abide event.*

In an action in equity for the strict foreclosure of a deed alleged to have been a mortgage, upon the first trial the complaint was dismissed, but, on appeal, such judgment was reversed and a new trial ordered, with costs to abide the event. Upon the second trial the defendants again succeeded, and as a part of their costs and disbursements allowed in the action the clerk included the costs and disbursements on the first trial and on the appeal therefrom, and, also, the costs of the second trial.

*Held*, that the costs upon the appeal were not allowable.

*Durant* v. *Abendroth* (*ante*, p. 16) followed.

That the costs of the first trial on which the defendants had succeeded, as well as the costs of the second trial, were properly taxable in favor of the defendants.

APPEAL from an order affirming a judgment for costs in favor of the defendants made by the clerk of the county of New York.

The costs of the first trial of this action, and also of the appeal therefrom, upon which the judgment in favor of the defendants was reversed and a new trial ordered with costs to abide the event, and also of the second trial, were taxed by the clerk, in favor of the defendants.

*Francis C. Barlow*, for the appellant.

*Austen G. Fox*, for the respondents.

PER CURIAM :

The action was in equity for a strict foreclosure of a deed, alleged to have been a mortgage. Upon the first trial which took place the complaint was dismissed, but on an appeal from the judgment it was reversed and a new trial ordered. Upon the second trial the defendants again succeeded, and, as a part of their costs and disbursements allowed in the action, the clerk included the costs and disbursements on the appeal in which the plaintiff had proved successful. This he had no authority to do, and as the point has recently been so considered and decided in *Durant* v. *Abendroth*, * all that is necessary now is to refer to the opinion in that case for the reasons upon which these items should have been disallowed.

The clerk also adjusted in favor of the defendants the costs and disbursements upon the first trial, and that he was authorized to do by the decision which was made after the second trial of the action. For by that decision the complaint of the plaintiff was dismissed, with costs. The costs were in the discretion of the court before which the final trial took place, which discretion was exercised in the defendants' favor, and as long as the judgment dismissing the complaint in that manner remains in force the defendants were entitled to have adjusted in their favor all the costs in the action, excluding those incurred in the appeal, which

_____
* Reported, *ante*, p. 16.

were before disposed of by the order reversing the judgment and directing a new trial. The judgment, to this extent, is as conclusive against the plaintiff as any other direction or decision contained in it, and cannot be questioned or disregarded collaterally, as it would be if this direction for the allowance of costs should be now modified or changed by this court.

The direction giving costs in favor of the defendants is equivalent to the statutory right securing costs to the successful party in cases, known as legal actions, and for that reason this part of the case is also within the decision which has just been referred to. So much of the order as included costs and disbursements on the appeal should be reversed, and such costs deducted from the adjustment made by the clerk, but as to the residue the order should be affirmed, without costs.

Present — VAN BRUNT, P. J., DANIELS and BARTLETT, JJ.

Order modified as directed in opinion, and affirmed as modified, without costs.