ELLIS R. THOMAS AND MARY A. FOLSOM, APPELLANTS AND RESPONDENTS, *v*. THOMAS J. EVANS AND OTHERS. APPELLANTS AND RESPONDENTS.

*Taxation of costs in an equity case — the effect of an order of the Court of Appeals reversing a judgment and ordering a new trial, with costs to abide the event, considered.*

Upon an appeal from an order taxing the costs in an equity case, it appeared that upon the first trial judgment was awarded to the plaintiffs, with costs, and that the General Term affirmed the judgment with costs. An appeal having been taken to the Court of Appeals, that court ordered a new trial, with costs to abide the event, and on the new trial a judgment was rendered for the defendant, with costs. On an appeal from the taxation of the costs by the clerk, who taxed the

costs of the first trial, the costs of the General Term, the costs of the second trial and of the Court of Appeals in the favor of the defendant, the Special Term disallowed the costs and disbursements of the General Term, but allowed costs of the first and second trials and of the Court of Appeals.

*Held*, that the order should be affirmed.

That while the case of the *First National Bank of Meadville* v. *Fourth National Bank of New York* (84 N. Y., 469), is decisive that the party which has at last prevailed is entitled to his cost of the Court of Appeals, that case does not hold that the decision of the Court of Appeals reversing a judgment and ordering a new trial, "with costs to abide the event," necessarily imports that the party finally prevailing must recover costs for all the proceedings in the cause.

That the judge who tried the case at a Special Term had authority to give the party now prevailing costs of the first trial at Special Term, as the cause was in equity and the costs were in his discretion.

That, as the costs of the appeal to the General Term have not been awarded by it to the party now prevailing, and as the Special Term judge, who must be considered best qualified to explain his own decision if it be ambiguous, expressly decides that they were not conferred by him, the order should be affirmed.

APPEAL by both the plaintiffs and defendants from an order, entered in the office of the clerk of the county of Kings on August 28, 1888, taxing the costs in this equity action.

The case has been to the Court of Appeals and a new trial has been had according to the direction of that court. At the first trial judgment was awarded to the plaintiffs with costs. The General Term affirmed the judgment, with costs.

An appeal to the Court of Appeals resulted in a new trial being ordered, "with costs to abide the event." On the new trial judgment was rendered for defendant, with costs. The clerk taxed costs of the first trial, costs of the General Term, costs of the second trial and of the Court of Appeals, in favor of defendant. On appeal from the clerk's taxation to the Special Term, the court disallowed the costs and disbursements of the General Term but allowed costs of the first trial, of the Court of Appeals and of the second trial.

*J. H. K. Blauvelt*, for the plaintiff.

*George H. Starr*, for the defendant.

PRATT, J. :

The case in 84 New York, 469 (*First National Bank of Meadville* v. *Fourth National Bank*), is decisive that the party which has

at last prevailed is entitled to his costs in the Court of Appeals. But we do not understand that case to hold that a decision of the Court of Appeals, reversing a judgment and ordering a new trial, " with costs to abide the event," necessarily imports that the party finally prevailing must recover costs for all the proceedings in the cause.

Full effect is given to the language of the appellate court, by giving to the party finally prevailing his costs in the Court of Appeals. We think the judge who tried the cause at Special Term had authority to give the party now prevailing costs of the first trial at Special Term. The cause is in equity and costs are in discretion. As to the costs of the appeals to the General Term, we have held the right to those costs was not conferred by the decision of the Court of Appeals. They have not been awarded to the party now prevailing by the General Term, and the Special Term judge, who must be considered best qualified to explain his own decision, if it be ambiguous, expressly decides that they were not conferred by him.

From these views it follows that the order appealed from must be affirmed ; no costs.

BARNARD, P. J., and DYKMAN, J., concurred.

Order affirmed, without costs.