## CLARK *v.* SULLIVAN.

*(Supreme Court, General Term, Fifth Department.    June 20, 1890.)*

COSTS—ON APPEAL—MODIFICATION OF ORDER.

Where on appeal the general term allows a certain amount for costs, the remedy of the prevailing party, who claims a greater amount, is by application to that court for a modification of its order, and not by appeal from the taxation of the clerk, in accordance with the order.

Appeal from special term, Monroe county.

Action by Charles W. Clark against Sarah E. Sullivan. From an order denying a motion for retaxation of costs defendant appeals. For former report, see 8 N. Y. Supp. 565.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*Henry Z. Sullivan,* for appellant. *Zachary P. Taylor,* for respondent.

CORLETT, J. The Monroe county judge made an order directing a commission to issue to take the testimony of a witness out of the state. As amended, it was entered September 7, 1889. The general term on appeal reversed the order, with $10 costs and disbursements. 8 N. Y. Supp. 565. The county clerk so taxed. The defendant appealed from the taxation of the clerk to the special term of this court, claiming that she was entitled to $20 before argument, and $40 for argument at the general term, instead of $10 costs and disbursements, as specified in the general term order. The special term denied the motion for retaxation. This appeal is from that order.

If the general term fell into an error in directing the amount of costs, it is obvious that the remedy of the defeated party would be an application to that court for a modification or revocation of the order. *Gould* v. *Root,* 4 Hill, 554. It would lead to great mischief and confusion to attack the decisions of this court collaterally on appeal from another order. The well-established practice is the other way. Aside from this, the order was right on the merits. *Ranney* v. *Persser,* 3 Law Bull. 10; *Phipps* v. *Carman,* 26 Hun, 518. It was simply an appeal from an order, and section 3251, subd. 4, has no application. The motion was non-enumerated. Sections 767 and 779. The order should be affirmed. All concur.