### HADLEY v. PETHCAL et al.

(Supreme Court, Special Term, Broome County. October 11, 1890.)

1. COSTS—MOTION FOR NEW TRIAL—DISCRETION OF COURT.
    Costs on a motion for a new trial are in the discretion of the court, (Code Civil Proc. § 3236,) and cannot be taxed by the party who finally succeeds in the action as part of his recovery.

2. SAME—TO ABIDE EVENT OF NEW TRIAL.
    Where a verdict in favor of plaintiff for $3,300 is set aside, and a new trial granted, "with costs to defendants to abide the event," and on the new trial plaintiff recovers $400, he is not entitled to tax the costs of the motion for a new trial.

Action by Virgil W. Hadley against Jacob Pethcal and others. Defendant moves for a new taxation of costs. Granted.

Alexander Cummings, for plaintiff.
A. F. Gladding, for defendants.

FORBES, J. The plaintiff in this action recovered a verdict at the Broome circuit, against the defendants, for about $3,300, and a judgment was entered thereon. A motion was made before the justice who held the circuit for a new trial upon a case and exceptions, under section 1002 of the Code of Civil Procedure. The judgment was set aside at the special term, and a new trial was granted, with costs to the defendants to abide the event. No appeal was taken from the order granting a new trial, or from the judge's determination of the question of costs upon that motion. A retrial was had at the circuit, and the plaintiff recovered a verdict of $400. Upon taxation of the costs by the plaintiff before the clerk of Broome county, the costs of the motion for a new trial —an item of $60—was allowed by the clerk, against the objection of the defendants. It is claimed on the part of the plaintiff that, having succeeded finally in the action, he is entitled to costs, in all stages of the action, as of course, under sections 3228 and 3251 of the Code of Civil Procedure. The defendants claim that, from the peculiar phraseology of the order granting a new trial to them, the plaintiff is not entitled to tax the costs of the special term in his favor, and this is the only question for discussion upon this motion.

I have thus far been unable to find any authority absolutely decisive of the question here presented. The action is an action at law. The cases cited by the moving parties are cases in equity, in which it must be conceded that the costs are in the discretion of the court; while, on the other side, authorities have been cited which only have reference to the determination of an action upon appeal to the court of appeals, leaving the question an open one, in an action at law, where the order was not appealed from, and the case was retried at the circuit. After such examination as I have been able to give the question, I am convinced that the plaintiff is not entitled to tax, as a part of his recovery, the costs of the special term—First, because the costs upon a motion for a new trial fall within section 3236 of the Code of Civil Procedure, and are in the discretion of the court. That discretion has been fairly exercised, the provisions of the order unappealed from and the determination is therefore final. Clark v. Sullivan, (Sup.) 10 N. Y. Supp. 397; Siegrist v. Holloway, 7 Civil Proc. R. 58; Cutlery Co. v. Rowe, 5 Abb. N. C. 142; 2 Rum. Pr. p. 442. In the last authority cited, the following language is used:

"Where a motion is made on a case, the costs are in the discretion of the court. The costs upon such a motion are fixed by section 3251 of the Code. Where the motion is made upon the minutes, the costs are also in the discretion of the court, and, if allowed, are only ten dollars."

In Abbott's Annual Digest for 1887, at page 92, (paragraph 37,) the following language is used:

"Where the defendant is defeated at the trial, and succeeds upon appeal in having the judgment reversed, with costs 'to the appellant' to abide the event, and the plaintiff succeeds upon the new trial, he cannot tax in his favor the costs upon the appeal;" citing the case of Bannerman v. Quackenbush, 2 City Ct. R. 172.

From an examination of this authority, reported elsewhere, I do not find that the note is sustained by the case as digested. But see Trust Co. v. Whiton, 17 Hun, 593; Howell v. Van Siclen, 4 Abb. N. C. 1, and note, affirming 8 Hun, 524. If I am right in my conclusion that the costs on a motion for a new trial are in the discretion of the court, then there is no difference, in the principle to be applied, whether the action is one in equity or at law. Copper Co. v. Dimmock, 29 Hun, 299. Then the cases of Durant v. Abendroth, 48 Hun, 16, 1 N. Y. Supp. 538, and of House v. Lockwood, 48 Hun, 550, 1 N. Y. Supp. 540, may be used to sustain the contention of the defendants, and the case of Thomas v. Evans, 50 Hun, 442, 3 N. Y. Supp. 297, would be directly in point, as sustaining the discretionary power of the justice who granted the new trial.

Secondly, the rule contended for by the defendants ought to prevail as the law in cases of this character, and particularly in the case at bar. The verdict of the jury, concededly wrong, was set aside by the justice who held the circuit; and without any appeal from his order, which gave costs to the defendants to abide the event of the action, a new trial is had at the circuit, and a jury give but a small portion of the original damages. If the

plaintiff is correct in his construction that his right to costs falls within section 3228, then he is in the position of winning at the special term, by compelling the defendants to pay for the reversal of his former erroneous judgment at the circuit. Sheridan v. Genet, 1 Civil Proc. R. 309, and note; Durant v. Abendroth, (Sup.) 1 N. Y. Supp. 538. See note to Sanders v. Townshend, 11 Abb. N. C. 217. The construction given to a direction by the court of costs to a particular party, as applied to a set-off of costs, is decided adversely to plaintiff in the case of Murphy v. Telegraph Co., (City Ct. N. Y.) 9 N. Y. Supp. 28, under section 779 of the Code of Civil Procedure. It will be seen by the cases cited by the plaintiff that the rule there contended for is one established by the court of appeals as to costs, in reference to the effect of its own decisions, upon a final judgment in that court. Murtha v. Curley, 92 N. Y. 359. But that rule is not applicable where the costs at the special term or the circuit are in the discretion of the court. In re Water Com'rs of Amsterdam, 104 N. Y. 677, 10 N. E. Rep. 545, where the case in 92 N. Y. 359, supra, is distin-guished, and the following headnote is given: "The words 'with costs,' in an order of affirmance or reversal in this court, in a case where the allowance of costs is discretionary, means costs in this court only." The motion for a new taxation before the county clerk of Broome county must therefore be granted, under a proper order, with $10 costs of this motion to the defendants, to be deducted from the judgment and execution in this action.