cease to exist. If he violated the contract, and wrongfully took a deed in which he was named as the sole grantee, his right to hold the money ceased, and his duty was to return it to the plaintiff. No demand was required to entitle the plaintiff to recover the money which the deceased had no right under the contract to retain. Deceased had obtained from plaintiff $600, to the possession of which, after his wrongful act, he was not entitled. See Carr v. Thompson, 87 N. Y. 160–166.

The defendant urges that the referee erred in excluding certain evidence offered by him to show that John P. Baker, agent for the plaintiff, communicated to her the facts as to the contract he had made with Scripture. The evidence so excluded was clearly immaterial. So, also, we think, was the evidence offered to show that the plaintiff had no actual knowledge that the deed of the two lots had been taken to Abel Scripture as sole grantee until after his death. If we are correct in the views above expressed that no demand was necessary for the maintenance of an action by the plaintiff to recover the money in the possession of Scripture after his breach of the contract under which he received it, her claim was barred after the expiration of six years, although she had no actual knowledge of the wrong done her by the deceased. It is only when a demand is required that the provisions of section 410 of the Code of Civil Procedure apply. If no demand is necessary, a party seeking to recover money in the hands of an agent, for which he is entitled to maintain an action, although in ignorance of his rights, is not entitled to the benefit of that section. So, in an action to recover a judgment for money on the ground of fraud under the provisions of section 382 of the Code of Civil Procedure, the ignorance of the plaintiff of the fraud perpetrated upon him will not prevent the running of the statute.

We conclude that the case was correctly disposed of below, and that the judgment should be affirmed, with costs. All concur.

---

## CLARK v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Third Department. April 14, 1896.)

1. APPEAL—NEW TRIAL—DISCRETION OF TRIAL COURT.
   An order for a new trial, granted by the judge who heard the case, will not be reversed, unless error clearly appears.

2. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.
   Where, on the trial of an action to recover for the killing of plaintiff's intestate by a collision on a railroad crossing, there was no evidence as to the care exercised by decedent, and a verdict for defendant was directed, an order granting a new trial on a showing of newly-discovered evidence on such point will not be disturbed.

Appeal from special term, Schenectady county.

Action by Maggie Clark, as administratrix of the estate of Horatio N. Clark, deceased, against the New York Central & Hudson River

Railroad Company. Verdict for defendant, by direction of the court, and from an order granting a new trial defendant appeals. Affirmed.

Argued before PARKER, P. J., and HERRICK, MERWIN, and PUTNAM, JJ.

Ashbel Green and J. D. Wendell, for appellant.

L. F. Fish, for respondent.

MERWIN, J. The plaintiff in this case sought to recover damages for the death of her husband, Horatio N. Clark, which was, as she claimed, caused by the negligence of the defendant. In the afternoon of May 7, 1894, at a highway crossing at or near a station of the defendant at Auriesville, in the county of Montgomery, the said Clark, while attempting, with a horse and wagon, to cross the tracks of the defendant, was struck by a train of the defendant and killed. The claim of the plaintiff is that the defendant was negligent in not giving sufficient signals of the approach of its train. Dyer v. Railway Co., 71 N. Y. 228. At the trial the plaintiff did not produce any witness who was able to testify as to the conduct of the decedent at the time of the collision. At the close of the evidence the court directed a verdict for the defendant on the ground that the evidence was not sufficient to authorize the jury to find that the decedent, as he approached the crossing, looked and listened for the approach of a train. Doubt was expressed as to whether the evidence was sufficient to sustain a finding that defendant was negligent. Several witnesses on the part of plaintiff had testified that they did not hear any signal, while, on the part of the defendant, several witnesses testified absolutely that the bell was rung and whistle blown. Subsequently the plaintiff made a motion for a new trial on the ground of newly-discovered evidence, based upon affidavits and a settled case. The new evidence was that of one Gibbs, who saw the decedent approach the crossing, and saw the collision, and saw the decedent look and listen. The evidence of Gibbs, as set forth in his affidavit, if it had been given at the trial, would, in connection with the surrounding circumstances, have made the question of contributory negligence one for the jury to have passed upon. Other new evidence was shown from several persons, to the effect that they could testify positively that the bell was not rung or whistle blown as the train approached. The evidence of Gibbs was not cumulative, for, as held by the court at the trial, there was practically no evidence on the part of the plaintiff as to the conduct and care of the decedent at the time of the collision. The new evidence as to want of signals was perhaps cumulative, but it might properly have a bearing upon the exercise of the discretion of the court in such cases. 3 Grah. & W. New Trials, 1104. The new evidence would probably have produced a different result, to the extent that the case would have been sent to the jury. This being so, the trial justice, who heard the motion, thought it right to grant a new trial. His discretion should not, I think, be disturbed. In Barrett v. Railroad Co., 45 N. Y. 628, 632, it is said:

"Motions to set aside verdicts as contrary to evidence, as well as motions for a new trial upon the ground of newly-discovered evidence, are not governed by any well-defined rules, but depend in a great degree upon the peculiar circumstances of each case. They are addressed to the sound discretion of the court, and whether they should be granted or refused involves the inquiry whether substantial justice has been done, the court having in view solely the attainment of that end."

See, also, Glassford v. Lewis, 82 Hun, 46, 31 N. Y. Supp. 162; Holmes v. Roper (Sup.) 10 N. Y. Supp. 284; Plate Co. v. Barclay, 48 Hun, 54. Substantial justice is said to be the main test. Clegg v. Newspaper Union, 51 Hun, 232, 237, 4 N. Y. Supp. 280. When the order for a new trial is granted by the judge who heard the case, it should not be reversed, unless error clearly appears. Order affirmed, with costs. All concur.