of grade,—which must be deemed conclusive against the plaintiff, who was the defeated relator in that proceeding; for the order of the general term confirmed the determination under review, instead of dismissing the writ, as was done in the case of People v. Common Council of Kingston, 101 N. Y. 82, 91, 4 N. E. 348. It is true that the common council of Mt. Vernon was the respondent in the certiorari proceeding, instead of the city of Mt. Vernon, which is the defendant here; but a decision in favor of the common council there against the same party who is plaintiff here, and upon the same issue, is available against him here, in behalf of the city, which is sued on account of the very action of the common council which was upheld in that case, on the same principle that, in a suit by a property owner against a municipal corporation to vacate an assessment, a judgment declaring such assessment void in a prior action by another property holder is evidence which establishes the invalidity of such assessment. Parsons v. City of Rochester, 43 Hun, 258.

The judgment, however, should be affirmed on the first ground. All concur.

---

(23 App. Div. 88.)

VOLLKOMMER v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department.   December 14, 1897.)

1. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.
   Motions for a new trial upon the ground of newly-discovered evidence are addressed to the sound discretion of the court, and whether they should be granted or refused involves the inquiry whether substantial justice has been done.

2. SAME—CUMULATIVE EVIDENCE.
   The fact that newly-discovered evidence is cumulative is not necessarily an insuperable objection to granting a motion based thereon for a new trial, where the issue is close, and the evidence sharply conflicting.

   Goodrich, P. J., dissenting.

Appeal from trial term.

Action by Andrew Vollkommer, Jr., an infant, by Andrew Vollkommer, his guardian ad litem, against the Nassau Electric Railroad Company. From a judgment in favor of plaintiff, and from an order denying a new trial on the merits and on the ground of newly-discovered evidence, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Henry Yonge (Clarence J. Shearn, on the brief), for appellant.
E. J. McCrossin, for respondent.

PER CURIAM. This action is to recover damages for personal injuries. The plaintiff is a boy of some 14 years of age. He and some other boys were playing football on the sidewalk on Marcy avenue, in the city of Brooklyn, on which street the defendant operates a trolley railroad. The ball was kicked into the carriageway of the avenue, and rested on the defendant's tracks. The plaintiff went in pursuit of the ball, and was struck by the defendant's car, the wheels of which passed over one of his legs, necessitat-

ing its amputation.    The injury being very severe, not wholly un-naturally the verdict was very large.    Marcy avenue, at the point of the accident, is straight, and there was no vehicle or other object present at the time to interfere with or obstruct an extended view of the defendant's railroad in both directions.    In fact, it is difficult to account for the occurrence of the accident at such a place and under such circumstances, unless there was the grossest negligence on the part of one party, if not on the part of both.    The plaintiff's claim was that, when he stepped down from the curb into the car-riageway, and ran to obtain the ball, no car was in sight, although a car could have been seen several hundred feet away; that, while so running, the car approached him from the rear, and ran him down.    The defendant's claim was that the boy, while heedlessly pursuing the ball, ran into the side of the car, slipped, and fell.    The issue between the parties was thus extremely narrow.    That issue has been resolved in favor of the plaintiff by the verdict of the jury, to whom the case was submitted in an entirely fair and unexcep-tionable charge by the trial judge.    We are not prepared to say that there was any error committed at the trial which would au-thorize us to set aside the verdict.    But, though the question of fact has been determined in favor of the plaintiff, it must be con-ceded that the case on the evidence is extremely close.    Since the trial, the defendant has secured three witnesses whose testimony will support its contention as to the manner in which the accident occurred.    It was shown by the affidavits used on the motion that the evidence was discovered since the time of the trial, and that the defendant was guilty of no negligence in failing to discover it at an earlier time.    In some respects the evidence may be criticised as cumulative, but this is not always an insuperable objection to grant-ing a new trial.    Plate Co. v. Barclay, 48 Hun, 54.    The general principle which should govern courts in disposing of applications of the character of the one now before us is well stated by Judge Allen in Barrett v. Railroad Co., 45 N. Y. 628:

"Motions to set aside verdicts as contrary to evidence, as well as motions for a new trial upon the ground of newly-discovered evidence, are not governed by any well-defined rules, but depend in a great degree upon the peculiar circum-stances of each case.    They are addressed to the sound discretion of the court, and whether they should be granted or refused involves the inquiry whether substantial justice has been done, the court having in view solely the attainment of that end."

In this case we can only say that, considering its particular cir-cumstances, the closeness of the issue, and the uncertainty of cor-rectness in the determination of that issue, we are of opinion that justice requires that the defendant should have an opportunity to again present the case, with the new evidence that has been brought to light.    This, however, is a favor, and should be granted only on terms sufficient to indemnify the plaintiff for all the expenses to, which he has been put.

The order denying defendant's motion for a new trial on newly-discovered evidence should be reversed, and a new trial granted, upon defendant's paying to the plaintiff within 10 days the trial

fee and disbursements of the trial and one-half of the extra allow-ance granted by the court, in which case the appeal from the judgment is dismissed, without costs; but, if the defendant fails to make such payment within the time aforesaid, then the judgment and orders appealed from should be affirmed, with costs.

GOODRICH, P. J., dissents from so much of the decision as affirms the judgment and orders in case the defendant fails to comply with the conditions aforesaid, he being of opinion that the damages are excessive.