## PEOPLE v. HOLMES.

(Supreme Court, Appellate Division, Third Department. July 6, 1898.)

:NEW TRIAL—NEWLY-DISCOVERED EVIDENCE—MISTAKE OF FACT.

Where defendant in trespass denied that logs in question were cut on a certain lot 68, as alleged, but trial was had on the mutual assumption that the logs were taken from said lot, defendant being under misapprehension as to its boundaries, the subsequent discovery that the logs were in fact taken from lot 69 was ground for a new trial.

Appeal from special term, Fulton county.

Action by the people against Russell E. Holmes. There was judgment for plaintiff, and from an order denying defendant a new trial he appealed. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

N. H. Anibal, for appellant.

T. E. Hancock, Atty. Gen. (J. Newton Fiero, of counsel), for respondent.

PUTNAM, J. This action was brought by the board of fisheries, game and forest, in the name of the people, under the provisions of section 280 of chapter 395 of the Laws of 1895 (amending chapter 488 of the Laws of 1892), by which said board is authorized to bring such an action "to prevent trespass upon or injury to the forest preserve, and recover damages therefor," and also against any person "for cutting or carrying away or causing to be cut, any tree or timber within the forest preserve, or any bark thereupon, or removing any tree, timber or bark, or any portion thereof, from the forest preserve." It was alleged in the complaint that "the plaintiff was the owner, in the year 1894, of lot 68, subdivision 10, Glen Bleeker and Lansing patent, and that the defendant at the times mentioned wrongfully and unlawfully, and without right or authority, cut, carried away, caused to be cut and carried away, and assisted in cutting and removing, and converting to his own use, timber and logs remaining on said premises, the property of the state of New York, as follows, namely, two thousand trees; that such trees were of the value of five dollars each." The defendant, on the trial, contested the validity of plaintiff's title to the premises described in the complaint on the ground of the invalidity of the tax sale on which the same was based, and also denied that he ever entered on said premises, or removed timber therefrom, averring that he obtained said timber by purchase from one Ralph Glasgow, who claimed to be the owner of said lot, and who delivered the same to the defendant. A judgment was obtained against the defendant for $730, besides interest and costs. After the judgment had been entered in the action, and an appeal taken therefrom, the defendant made a motion for a new trial on the ground of newly-discovered evidence. From an order denying such motion, an appeal has been taken to this court.

On the trial it was assumed by both parties that the timber for the cutting and removing of which the defendant was sought to be charged

was taken from lot 68, subdivision 10, Glen Bleeker and Lansing: patent, the premises described in the complaint. In his moving affidavit the defendant sets forth in substance, although his answer contained a denial of that fact, that at the time of the trial of the action he supposed the timber delivered him by Mr. Glasgow was cut and taken from the land described in the complaint. After the trial he found reason to believe that he was mistaken, and that the timber was in fact taken from lot 69 instead of lot 68. On causing a careful survey to be made, he ascertained that such was the fact. He produced the evidence of John B. Koetteritz, a surveyor, and the affidavits of other witnesses, which tend to show that the timber. delivered to him by Mr. Glasgow was taken from lot 69, and not from land owned by the state; and hence, if a new trial shall be granted, and the testimony of said witnesses believed, a different result would probably ensue from that reached on the first trial. The principles governing applications for new trials on the ground of newly-discovered evidence are well settled. "It must appear that the evidence has been discovered since the trial; that it could not have been obtained upon the former trial by the exercise of reasonable diligence; that it is material to the issue, and goes to the merits of the case; that it is not merely cumulative, and that its character is such that it would probably have changed the result. When these facts appear, and the court is satisfied that the ends of justice will be promoted by allowing. the moving party an opportunity to present the newly-discovered evidence, the motion will be granted." Glassford v. Lewis, 82 Hun, 46–48, 31 N. Y. Supp. 162; Roberts v. Bank (Sup.) 14 N. Y. Supp. 432. In the cases cited it is held that such motions are not governed by any well-defined rules, but depend in great degree upon the peculiar circumstances of each case. And it has been held that such a motion can be granted, under certain circumstances, although the newly-discovered evidence may be cumulative. Vollkommer v. Railroad Co.,. 23 App. Div. 88, 48 N. Y. Supp. 372. The affidavits presented to the court below showed that the evidence on which the defendant based his application had been discovered since the trial. We think they also fairly showed that the defendant had not been guilty of laches, in not discovering the facts as to the true boundary of lot 68 before the period he did. As the fact that the logs in question were cut on lot 68 was assumed by both parties on the trial, and there was no contest in that regard, the newly-discovered evidence cannot be deemed cumulative. That it is material, and that its character is such that it would probably change the result, is probable. The affidavits on which the defendant relied on the motion show that before and at the time of the trial of the case, he labored under a mistake of fact as to the boundaries of lot 68, to which the plaintiff had title, and hence failed to contest the claim that the logs, with the value of which he was charged, came therefrom, and that on a new trial he will be able to produce evidence tending to show that such logs were cut and taken from lot 69, to which the state had no title; that the mistake of the defendant as to the location of lot No. 68 was not due to a lack of diligence on his part in preparing for the trial We think the defendant should have an opportunity to submit this

newly-discovered evidence to a jury; that under all the circumstances, and in furtherance of justice, the motion should be granted.　·

The order should be reversed, with $10 costs and disbursements to the appellant, and the motion for a new trial granted on payment by the defendant to the plaintiff of $10 costs of the motion and the costs entered on the judgment here and below.　All concur.