### SANDER v. NEW YORK & H. R. CO. et al.

(Supreme Court, Appellate Division, First Department.   December 31, 1900.)·

COSTS—APPEAL—REVERSAL—SECOND TRIAL—TAXING COSTS OF FIRST TRIAL.
 Where, on appeal by both parties from a judgment for plaintiff, the cause was reversed "without costs," only costs of the appeal were meant; and, on a recovery by plaintiff on the second trial, he was entitled to all proper costs of the action, except those excluded by the decision of the appellate division.

Appeal from special term, New York county.

Action by Frederick W. Sander against the New York & Harlem Railroad Company and others. From an order denying a motion to· retax costs of a former trial, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, and· INGRAHAM, JJ.

L. M. Berkeley, for appellant.
Charles C. Paulding, for respondents.

PER CURIAM. This is an appeal from an order denying a motion for a retaxation of the plaintiff's bill of costs. The plaintiff recovered a judgment against the defendants on a second trial of the action. On the first trial the plaintiff recovered judgment, but both parties appealed, and that judgment was reversed, and a new trial ordered, "without costs." 59 N. Y. Supp. 127. That meant, merely, without costs of the appeal. On the second trial the plaintiff, having again succeeded, was entitled to all the costs of the action, except those excluded by the decision of the appellate division. That rule was recognized in House v. Lockwood, 48 Hun, 550, 1 N. Y. Supp. 540. The order must be reversed, but it does not necessarily follow therefrom that every item of the bill of costs taxed after the first trial· should be allowed.

The order appealed from is reversed, with $10 costs and disbursements, the motion for a retaxation of costs is granted, and the bill of costs sent back to the clerk for retaxation, with $10 costs to the appellant.