JACOB ROSEN, Plaintiff, *v.* ADIRONDACK TRANSIT LINES, INC., et. al.,
Defendants.

Supreme Court, Special Term, Queens County, September 24, 1945.

*Bernard Segall* for plaintiff.

*David Tepp* for defendants.

SWEZEY, J. Motion by plaintiff for retaxation of defendants' costs as to trial and witnesses' fees. On the argument plaintiff withdrew his objection to the item for term fees, thus leaving for decision only the question of the witnesses' fees. Plaintiff's objection, as contained in his affidavit before the county clerk, is that " There is no statement in said affidavit that each witness was, or was believed to be, a necessary and material witness ". He makes no claim that any of the witnesses did not testify; thus we are dealing only with witnesses who have testified.

In *Crippen* v. *Brown* (11 Paige Ch. 628, 633) it is said: " The proper mode of charging for witnesses' fees in a bill of costs, is to state in the bill the name of the witness, the number of days he attended, and the distance of his residence from the office of the examiner, or from the place of his examination. And then the usual affidavit, that the disbursements charged in the bill have been actually and necessarily paid or incurred, will contain a sufficient verification of the charges for disbursements for witnesses' fees; unless charges are made for the travel and attendance of witnesses who were not in fact examined, or there is something to raise a doubt as to the good faith of the charges for such disbursements."

In *Durant* v. *Abendroth* (48 Hun 16, 19–20) it was said that: " The witnesses' fees claimed by him could not be allowed without an affidavit, and that which was made to sustain his right to such fees was insufficient. It did not show that the *witnesses had been sworn upon the trial,* or if they were not sworn that their attendance had been obtained in good faith with the expec-

tation that their evidence would become material on the trial of the issues." (Italics mine.)

In *Haynes and others* agt. *Mosher* (15 How. Prac. 216, 217) we find the following: " It was shown in this case, in opposition to the allowance, that a large number of the witnesses were not sworn upon the trial. This fact furnishes presumptive evidence that the witnesses were not necessary."

In *Soderberg* v. *Proctor* (N. Y. L. J., May 12, 1941, p. 2132, col. 2) Mr. Justice FROESSEL said in part: " The affidavit annexed to the bill of costs would, of course, have been sufficient for the clerk to act upon had these witnesses been sworn."

In *Drimer* v. *Prudential Ins. Co. of America* (N. Y. L. J., April 18, 1940, p. 1768, col. 2) Mr. Justice GOLDSTEIN said in part: " There is no proof by the defendant that these witnesses testified at the trial or were in court ready to testify. The defendant's answer is that it did subpœna these witnesses. * * * Witness fees can only be taxed if their presence is material and necessary at the trial, and the only method of determining this is to ascertain whether they *testified at the trial* or else were present ready to be called * * *." (Italics mine.)

In *Judge* v. *Nat. Transportation Co.* (N. Y. L. J., May 4, 1940, p. 2039, col. 4) Mr. Justice COLEMAN stated: " A party may only tax disbursements for witnesses subpœnaed, and called, or, if not called, where proof is presented to the taxing clerk that they were material witnesses."

From the foregoing, the conclusion is inescapable that the witnesses having been called and testified, the materiality and necessity of their testimony have been shown for the purpose of taxation of costs. The motion is accordingly denied.