## CHARLES A. CLEGG, APPELLANT, *v.* THE NEW YORK NEWSPAPER UNION AND OTHERS, RESPONDENTS.

*The rules governing motions for a new trial, on the ground of newly-discovered evidence, stated, and held to require that a new trial be granted in this case.*

Upon an appeal denying a motion for a new trial on the ground of newly-discovered evidence, in an action brought to recover damages sustained by the plaintiff by reason of the breach of the contract, by which the defendants, the publishers of a number of newspapers, agreed to advertise for the plaintiff, a publishing agent, it appeared that the complaint was dismissed for the reason that the plaintiff had failed to perform his part of the contract, among other things in that while by it the advertising was to be subject to the usual rules and regulations, one of which was that the plaintiff should collect from his patrons the price or rate from time to time fixed by the defendants and published by them, in fact he

had not done so. The referee, before whom a motion was made to reopen the case so that additional evidence might be given as to the effect of the words "usual rules and regulations," in deciding the question against the plaintiff, held that the testimony tended to corroborate the plaintiff's evidence, and that he was satisfied that even with the additional evidence his decision would be precisely the same.

*Held*, that, while the referee might have arrived at the same conclusion had he opened the case, yet the rights of the plaintiff were not entirely dependent upon the judgment of the referee, inasmuch as his findings were the subject of review by this court, which might differ from him in its conclusions.

Upon the hearing of the motion it was stated in the affidavits presented by the plaintiff that the trial was conducted with some haste, and that the plaintiff, during its progress, was ill and was prevented by that and other circumstances from giving as much attention to the case as might have been expected in the prosecution of so large a claim; that the defense, based upon the phrase in the contract referred to, was not set up in the answer; that up to the time of the trial no such claim was ever mentioned; and that in a suit which he had brought against the defendants and another, arising out of advertising contracts, which had been thoroughly tried, and in which judgment was recovered in his favor, no such defense was made or claimed to exist.

Evidence of upwards of fifty persons engaged in the advertising business, was presented, all of whom stated that the phrases "usual rules and regulations," only related to the character of the advertisements, type and mode of insertion and the like; the agent having the right to dispose of the space secured under his contract at whatever price he could get, and being under no restriction in that regard.

*Held*, that the circumstances under which the trial was conducted, the condition of the health of the plaintiff and the probable results from such testimony, and the further consideration that the affirmance by this court, of a judgment before rendered in this action, was based upon that issue, called upon the court for the favorable exercise of its discretion in regard to the granting of a new trial, and that the order denying the plaintiff's motion should be reversed.

*Wilcox Silver-Plate Company* v. *Barclay* (48 Hun, 54) followed.

APPEAL from an order denying a motion for a new trial, made on the ground of newly-discovered evidence and perjury, entered in the office of the clerk of the city and county of New York on February 8, 1887.

*John E. Parsons*, for the appellant.

*Philip Carpenter*, for the respondents.

BRADY, J.:

This action was brought to recover damages sustained by the plaintiff for the breach of a contract by the defendants, by which

the latter were to advertise for him, they being publishers of a number of newspapers and the plaintiff being an advertising agent. The issues were tried by a referee and the complaint dismissed, for the reason that the plaintiff had in two particulars failed to perform his contract. One of them was that by it the advertising was to be subject to the usual rules and regulations, one of which was that the plaintiff should collect from his patrons the price or rate, from time to time, fixed by the defendants and published by them. The judgment entered upon the report of the referee was the subject of an appeal to this court where the judgment was affirmed, upon the ground that the plaintiff had, by charging advertisers less than the rates from time to time established by the. defendants, failed to perform his contract.

Upon the trial the issue as to what was meant by the words "subject to the usual rules and regulations" contained in the contract, was the subject of investigation and witnesses were examined by the respective parties. It was claimed that the agent of the defendant knew of the plaintiff's rates, and neither took exception to their adoption nor expressed dissatisfaction.

There is no doubt that this was an important factor in the controversy, and that it was made the subject of argument, perhaps elaborately, before the referee by counsel for the plaintiff, and was presented in points made and submitted for his consideration.

It may be said, from the affidavits submitted, that the trial was conducted with some haste, and that the plaintiff during its progress was ill and was prevented by that and other circumstances from giving to the case as much devotion as might be expected in the prosecution of so large a claim. The defendant met the application by showing some of the facts already stated, and that the testimony which the plaintiff sought to use was cumulative, and thus arrayed against the procedure perhaps the most important element that could be invoked to defeat it.

The rules governing motions of this character are well stated, and the authorities collated and applied in Bailey on New Trials and Appeals; and one of them is that the newly-discovered evidence must not be merely cumulative, and should be so decisive in its character that there is no reasonable certainty that on another trial it would change the result. It must also appear that the evidence

could not have been obtained on the former trial by the exercise of reasonable diligence, and that it was discovered since the trial. It is further said that where all these facts appear and the court is satisfied that the ends of justice will be promoted by allowing the moving party an opportunity to present the newly-discovered evidence, the motion will be granted. (See pp. 524, 525, 526.) But it is also said that in the cases falling within the principle laid down by the authorities, although the courts will follow established rules, they are not of such universal application as to be decisive of every case however much it may differ in circumstances from every other. No arbitrary rule can be laid down which will determine in every case whether a party exercised diligence in procuring evidence, nor whether the evidence which the party desires to offer would be likely to change the result, nor whether the defendant used due diligence in making the motion, but to a certain extent each case will depend upon its own peculiar circumstances. (P. 529.) And it seems that motions for new trials, based upon the weight of evidence, surprise or newly-discovered evidence, are addressed to the sound discretion of the court, not an arbitrary but a legal discretion; and this view is illustrated by a series of cases which, when examined with reference to the rules in regard to cumulative evidence, would seem to have been departed from.

The learned referee before whom a motion was made to reopen the case, to enable the plaintiff to give additional evidence as to the effect of the words " usual rules and regulations," in deciding the motion against the plaintiff touching the testimony proposed to be given, while some of it certainly tended to corroborate the plaintiff's evidence, and, if the question turned upon the number and credibility of witnesses, might be very important, he thought some of it tended also to support the defendant's contention. But the difficulty was, that he had decided the case, so far as this point was concerned, not upon the evidence of living witnesses alone, but upon the documentary evidence presented, and was satisfied that, even with the additional evidence in, he would still have resort to the same documentary proof, and his decision would be precisely the same. And the learned justice, in deciding the motion, applied the rigorous rules to which attention has been called, and said : " New trials on the ground of newly-discovered evidence are

not granted, except where it appeared that, in the exercise of ordinary diligence on the part of the applicant, the evidence could not be secured;" and he thought that the facts alleged were not such as would justify the court in granting the motion. Whether it was a case which presented peculiar and extraordinary circum stances for consideration, was not discussed by him, and was, apparently, not brought to his attention. Here it appears that the defense predicate of the phrase in the contract referred to is not set up in the answer, and the plaintiff asserts that, up to the time of the trial, no such claim was ever mentioned; but, on the contrary, that a suit which he had brought against the defendants and another, arising out of advertising contracts, had been thoroughly and tediously tried, in the course of over five years; more than 1,600 pages of testimony having been taken without anything of the sort appearing, and in which judgment was given in his favor; and that it was only since the judgment in this suit was decided that the defendants had caused the other to be reopened, for the purpose of employing the same defense which was successful in this, alleging that they had only just learned, from his testimony, what rates he actually charged to his customers.

The plaintiff presents the affidavits of upwards of fifty persons engaged in the advertising business, some of them proprietors similar to the defendants, all of whom stated that the phrase " usual rules and regulations" only related to the character of the advertisements, type and mode of insertion and the like, the agent having the right to dispose of the space secured under his contract at whatever prices he could get and was under no restrictions in that regard. Indeed, one of the affidavits is made by the president of a corporation called the Western Newspaper Union, and another by Mr. Norton, who, in 1872, became a stockholder and director of the defendant, and continued as such, having charge of its collections and correspondence for about two years. These affidavits include Mr. St. John, publisher of the Evening Post; Mr. Whitelaw Reid, of the Tribune; Mr. Laffan, of the Sun; Mr. Jones, of the Times; Mr. Bridgman, of Frank Leslie's publications; Mr. Hibson, of the Commercial Advertiser, and Mr. Siegfried, of the Chicago Daily News. This extraordinary array of seemingly authoritative witnesses on the ques-

tion of what obligations were imposed by the phrase in question; the circumstances under which the trial was conducted; the condition of health of the plaintiff; the probable results from such testimony; and the further consideration that the affirmance of this court was predicate of the issue to which the new testimony relates, seem to eminently call upon the court for a favorable exercise of its discretion in regard to the new trial asked for. With due deference to the learned referee, it makes no difference that he would have arrived at the same conclusion had he opened the case for the receipt of the evidence. The rights of the plaintiff are not entirely dependent upon his judgment, inasmuch as his findings are the subject of review by this court, which might have differed from him in its conclusions. At all events, the plaintiff would have had all the benefit which might have been derived from the testimony of the numerous witnesses, upon a review of his finding, if an appeal had been taken. And the learned justice who heard the motion, impressed with the apparent violation of the rules governing these motions, if he had granted it, was not impressed with the consideration which should be paramount on applications of this kind, namely, the exercise of a discretion in granting them when there is reason to believe that justice would be promoted by such a result.

In *Wilcox Silver-Plate Company* v. *Barclay* (48 Hun, 54) Justice DANIELS said: " The rule or principle requiring the denial of a motion for a new trial on the ground of the evidence, newly discovered, being cumulative, does not rest upon any just or solid foundation. It is simply the dictate of authority which has been followed without much 'consideration of its foundation. It is not one to be extended to cases not falling directly within its language. For there is the same propriety and necessity for giving a party a new trial who can vindicate himself, or sustain his cause of action by cumulative evidence, as there is for any other reason."

A consideration of the whole case has led, therefore, to the conclusion that the arbitrary rules which are supposed to prevail and control this class of motions should not be applied here, and that a new trial should be granted, it appearing that substantial justice will be more thoroughly administered by such a course.

The plaintiff must, however, pay the costs of the last trial as a

condition and a reasonable sum as a counsel fee, to be determined upon the settlement of the order.

VAN BRUNT, P. J., and DANIELS, J., concurred.

New trial granted on condition that plaintiff pay the costs of the last trial and a reasonable sum as a counsel fee, to be determined upon the settlement of the order.