## BULKIN v. EHRET.

*(Supreme Court, Special Term, New York County.* August, 1892.)

1. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.

    In an action for personal injuries sustained by an infant through the negligence of defendant's driver, where the position of the infant at the time of the accident was the real issue in the case, and the verdict for plaintiff resulted from the strong numerical preponderance of plaintiff's witnesses, all of whom testified that at the time of the accident the infant was standing on the sidewalk, a new trial on the ground of newly-discovered evidence should be granted on a showing that defendant, though he prepared his case with due diligence, did not discover till after the trial that three persons witnessed the accident who would testify that at the time of the accident the infant was standing in the street, and was injured by his own carelessness, even though such evidence is cumulative.

2. SAME—CONDITIONS.

    Where, in such case, one of defendant's witnesses on the trial corroborated plaintiff's testimony, the motion for a new trial should be denied, unless defendant will stipulate to call the witness on the next trial, or read his testimony to the jury as a part of his case.

Action by Joseph Bulkin, guardian *ad litem* of Abraham I. Bulkin, an infant, against George Ehret, to recover for personal injuries sustained by the infant through the negligence of defendant. There was a verdict for plaintiff. Defendant moved for a new trial on the ground of newly-discovered evidence. Motion allowed.

*Charles J. Fiske* and *Ashbel P. Fitch,* for the motion. *Stephen C. Baldwin* and *Milton S. Guiterman,* opposed.

PATTERSON, J. It sufficiently appears in the moving papers that the evidence claimed to be newly discovered first came to the notice of the defendant after the trial of the action; and that it could not have been obtained for use at the trial by the exercise of reasonable diligence; and that the defendant's attorney did exercise all diligence in the preparation for trial, by way of inquiry, to ascertain who were spectators of the occurrence which formed the subject of the inquiry at the trial. If the three witnesses whose affidavits have been produced on this motion had been present and testified at the trial, it is quite probable a different result would have been reached before the jury. It is true that in a certain sense the newly-discovered evidence is partly cumulative, but, upon reading the whole record of the trial, it would seem that the verdict of the jury resulted from the strong numerical preponderance of the

plaintiff's witnesses, and from another circumstance, which will presently be adverted to. It is undoubtedly a general rule that, where newly-discovered evidence is only cumulative, a new trial will not be ordered; but, as was said in *Silver Plate Co.* v. *Barclay*, 48 Hun, 54: "The rule or principle requiring the denial of a motion for a new trial on the ground of the evidence newly discovered being cumulative does not rest upon any just or solid foundation. It is simply the dictate of authority which has been followed without much consideration of its foundation. It is not one to be extended to cases not falling directly within its language. For there is the same propriety and necessity for giving a party a new trial who can vindicate himself or sustain his cause of action by cumulative evidence as there is for any other reason. And there is certainly no justice in subjecting a person to what is really an unfounded claim, or for preventing him from maintaining an equally well-founded defense, because the evidence discovered by him by which that can be done may be of the same quality or description as that given upon the trial in which he has been defeated." And, again, it was said in *Clegg* v. *Newspaper Union*, (Sup.) 4 N. Y. Supp. 280: "A motion of this character is addressed to the sound discretion of the court, and when the court, from an examination of the facts, is of opinion that substantial justice will be more thoroughly administered by allowing the party a new trial, it ought to be granted." In examining the record in this case, it would appear that the real issue was as to the position and situation of the child who was run over at the time the accident occurred. The plaintiff's witnesses very clearly stated that he was upon the sidewalk, at the corner, and that the front wheel of the truck in charge of the defendant's driver struck the child while he was standing near the curbstone at the corner, and threw him under the hind wheel, which passed over his arm. The three witnesses, who it is claimed can give the newly-discovered evidence, depose to a state of facts in their affidavits entirely contradictory of this statement; and their testimony would tend to show that the boy was in the street, off the sidewalk, and that he was injured by his own carelessness. This was all-important in the case,—whether the child was *sui juris*, so that his negligence would be attributable to him as contributory negligence; or *non sui juris*, so that the negligence would be attributable to his parents for permitting him unaccompanied to play in the street. I think, in furtherance of justice, the defendant should have an opportunity of laying this testimony before a jury, so that they may judge of it, with reference to the testimony given by the plaintiff's witnesses, as to the circumstances attending the accident. There is some embarrassment in the disposition of this motion, caused by the fact that one of the defendant's witnesses on the trial testified to a state of facts which corroborated the testimony of the plaintiff's witnesses. A provision should be made in an order granting a new trial for the presentation to the jury of what was testified to by that witness. While it is true that the defendant would not be allowed to contradict the witness, it is also true that he may be allowed to show that that witness was mistaken; and the clear and precise statements of the three witnesses who can give the newly-discovered evidence would go very far to show that such witness was mistaken. I am of opinion that the motion for a new trial should be granted, but the defendant must stipulate that the testimony given by the witness referred to on the former trial shall be read to the jury as part of the testimony in the case on his side, or he must stipulate to call that witness on the new trial. With such a stipulation the motion will be granted on the payment of the costs of the trial. Unless the stipulation be made, the motion will be denied, with $10 costs.