GERMAN NATIONAL BANK OF BEATRICE V. JACOB EDWARDS.

FILED JANUARY 8, 1902. No. 10,820.

Commissioner's opinion, Department No. 3.

1. New Trial: NEWLY-DISCOVERED EVIDENCE. Newly-discovered evidence merely cumulative in character may be a sufficient ground for granting a new trial, if the circumstances of the record are such as to render it highly probable that it would, if produced, have changed the result of the trial.

2. ------: ORDER: NEWLY-DISCOVERED EVIDENCE. An order denying a motion for a new trial and an order denying a petition for a new trial on the ground of newly-discovered evidence may both be reviewed in a single proceeding in error.

ERROR from the district court for Pawnee county. Tried below before LETTON, J. Reversed.

Samuel P. Davidson, for plaintiff in error.

Henry C. Lindsay, contra.

AMES, C.

This is a petition in error to review a judgment of the district court in an action of replevin. The property in controversy is claimed by the plaintiff below, who is the

plaintiff in error, under a chattel mortgage.   The mort-
gage describes several animals, and among them "one mare
colt," all of said property being designated as being "kept
in Filley," in this state.   The principal question of fact
mooted in this suit is whether at the time of the execution
of the mortgage the mortgagor had more than one mare
colt kept at Filley, and this inquiry, on account of circum-
stances not necessary to be detailed in this opinion, in-
volves a further inquiry as to the color of the colt intended
to be conveyed by the mortgage.   There is a conflict of evi-
dence upon both these questions, but none of it is of the
most satisfactory character, so that the plaintiff contends
with a good deal of force that there is not sufficient evi-
dence in the record to support the verdict which was re-
turned in favor of his adversary.   But it is not intended
to decide whether this contention could be upheld, or
whether, if the verdict had been for the plaintiff, a like
contention might not have been made with equal force by
the defendant.   In due season after the return of the ver-
dict, the plaintiff filed a motion for a new trial, which was
overruled; and at the expiration of about four months
thereafter he also filed a petition for a new trial in which
he gave the names of several witnesses, who, he alleged,
had personal knowledge upon both the matters of fact
above mentioned and would, if permitted, testify as to
both of them in support of the plaintiff's contention.   It
was also averred that before the trial the plaintiff had
made diligent search for witnesses qualified as above men-
tioned. but had been unable to discover any, and that
knowledge of the witnesses named had not come to the
plaintiff until after the conclusion of the trial.   To this
petition a demurrer was interposed, which was sustained,
and the plaintiff duly excepted.   We think this order was
erroneously made.   A new trial will not be granted for
newly-discovered evidence merely cumulative in character,
unless the circumstances of the record are such as to ren-
ler it highly probable that the evidence would, if produced,
have changed the result of the trial.   *Hoffine v. Ewings,*
60 Nebr., 729, and cases cited.   We think that the situation

in this case, of which a brief description is above given, brings it within the exception to the rule.

The petition in error assigns as error both the ruling on the motion for a new trial and that sustaining the demurrer to and denying the petition. The defendant in error objects that the latter ruling is a final order, reviewable by itself independently of the order overruling the motion for a new trial, and is therefore in effect a new action, and that for that reason complaint can not be made of both orders in a single petition in error. We do not think this contention can be upheld. The motion and petition attack the same verdict, upon grounds prescribed by the same section of the Code. The matter alleged in the petition might have been, and presumably would have been, included in the motion, had knowledge of it come to the plaintiff in error within the time prescribed for the filing of the latter. It is because of the frequency of the occurrence of a like state of affairs that the statute permits the filing of the petition at a later date than is prescribed for the filing of the motion. But while the two proceedings are distinct in so far that each may be reviewed separately from the other, no good reason occurs to us why that course should be regarded as being exclusively permissible. On the other hand, the method adopted in this case is to be commended as having a tendency to expedite the litigation and to save costs and expenses.

Other matters assigned for error are of such nature as that it may be anticipated that they will not recur upon a second trial, and their discussion at the present time is, therefore, not deemed important.

It is recommended that the judgment of the district court be reversed and a new trial awarded.

Duffie and Albert, CC., concur.

By the Court: For reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and a new trial awarded.

REVERSED,