ST. PAUL HARVESTER COMPANY, APPELLEE, v. LOUIS FAULHABER, SR., ET AL., APPELLANTS.

FILED NOVEMBER 10,    1906.   No. 14,488.

New Trial.   Newly discovered evidence, merely cumulative in character, may be a sufficient ground for granting a new trial, if the circumstances of the record are such as to render it highly probable that it would, if produced, have changed the result of the trial.   German Nat. Bank v. Edwards, 63 Neb. 604.

APPEAL from the district court for Lancaster county: EDWARD P. HOLMES, JUDGE.   Reversed.

*Talbot & Allen,* for appellants.

*B. F. Johnson* and *Clark & Allen, contra.*

EPPERSON, C.

In 1890, the plaintiff, St. Paul Harvester Company, recovered judgment against appellants in the district court for Lancaster county. This judgment became dormant, and in 1904 plaintiff instituted these proceedings to revive it. Defendant, Louis Faulhaber, Sr., objected to revivor because no summons had been served on him in the original action and the court never acquired jurisdiction over his person. Trial was had to the court, an order reviving the judgment was entered, and defendant, Faulhaber, Sr., appeals.

The principal questions argued are that the evidence does not sustain the judgment of revivor, and the court erred in not granting a new trial on the ground of newly discovered evidence. The officer's return showed that appellant was served by delivering to him personally a true and certified copy of the writ. The deputy sheriff, who made the return, testified that he did not remember anything about the circumstances of this particular summons, but that it was duly served that way or he would not have made the return. He stated that he did not know appellant personally. "Q. Would it have been possible for you to have served someone else instead of old man Faulhaber? A. If anybody had been at his house when I was there, and represented to be him when I asked him his name, and claimed that he was Faulhaber, Sr., I might have done that, not knowing him personally; but I don't think that would be possible. Q. You wouldn't swear positively now that you served Louis Faulhaber, Sr., as you have no recollection of that fact? A. I would only rely at this time on my return on the summons at that time." Appellant testified positively that no summons was ever served on him in this case; that

he was never sued in his life; that soon after the judgment was obtained he learned of it through a letter received from plaintiff's attorney, Mr. Stewart, and thereupon consulted his attorney, Mr. Stearns. John M. Stewart, who was at one time attorney for plaintiff, and who obtained the purported judgment herein sought to be revived, testified that soon after the judgment was obtained he, in company with appellant and his attorney Stearns, interviewed the deputy sheriff as to the service, after which witness told Stearns that he would not put appellant to the trouble and expense of an injunction suit to restrain the collection of the judgment, and that thereafter plaintiff made no attempt to collect the judgment from appellant. R. D. Stearns, who was attorney for appellant in 1890, corroborated the testimony of Mr. Stewart. Other testimony was introduced tending to show that appellant was financially responsible at the time the original judgment was entered, and that collection could have been made at any time from that date until the present suit was begun, but no effort was made along that line. We have read the evidence carefully and are convinced that there is serious doubt as to the correctness of the conclusion of the learned trial court. In this state of the record, defendant asked a new trial on the ground of newly discovered evidence. It was shown that the witness Stearns had discovered a written memorandum, which, omitting title, is as follows: "Action. Injunction Suit. Date, 1890, Sep—. Looked after the above matter and got judgment vacated as to Faulhaber, Sr." Stearns says in his affidavit: "Affiant, at the time of giving his testimony in the case, had forgotten that any record of the transaction had been made. Affiant further says that, owing to the agreement made between L. Faulhaber, Sr., and the attorney for the St. Paul Harvester Co., by which L. Faulhaber, Sr., was to be released from the judgment, said injunction suit was not filed." Other newly discovered evidence was to the effect that Mr. Stewart, plaintiff's attorney, had admitted that there was

no judgment against Faulhaber, Sr. A proper showing of diligence was made, and it seems clear to us that a new trial should have been granted. It is argued that the new evidence was merely cumulative. Be that as it may, in such a close case as this is, we think the offered evidence might have changed the result. *German Nat. Bank v. Edwards*, 63 Neb. 604. The testimony given by the witnesses as to conversations and transactions had 14 years previous was necessarily lacking in positiveness, and the newly discovered evidence would be of value in fixing certainty to the facts testified to by them.

We recommend that the judgment be reversed and the cause remanded for a new trial.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED.