BURFORD v. BENTON.

No. 3926.　Opinion Filed November 17, 1914.

(144 Pac. 349.)

**NEW TRIAL—Grounds—Newly Discovered Evidence.** It is the general rule that newly discovered evidence, merely cum-ulative in its nature, will not, ordinarily, be sufficient to re-quire the granting of a new trial; but where such newly dis-covered evidence goes to the pivotal point in the case, and is of such a character and so convincing in its nature that it is clear that with this evidence in the case a different result would have been reached, the court, in the interest of justice, should grant a new trial.

(Syllabus by Brewer, C.)

*Error from County Court, Muskogee County;*

*Orwin Donovan, Judge.*

Action by H. H. Benton against G. E. Burford. Judgment for plaintiff, and defendant brings error. Reversed, with direc-tions to grant a new trial.

*Blakeney, Maxey & Miley, John H. Mosier,* and *Rush Greenslade,* for plaintiff in error.

*Hutchings & German,* for defendant in error.

Opinion by BREWER, C. This is a suit between two real estate brokers involving the question of the division of commissions. It was filed in a justice of the peace court and taken from thence on appeal to the county court, where a judgment was rendered in favor of the plaintiff Benton, against the defendant Burford, in the sum of $75. The defendant Burford brings the case here, as plaintiff in error, and argues two propositions, either of which, it is asserted, will require a reversal of the case. The first is that the court should have granted a new trial on the ground of newly discovered evidence; the second, error in certain instructions which were given, and in the refusal of certain requested instructions. The defendant in error has not filed a brief. We have examined carefully the record and the brief filed by plaintiff in error, and from an examination of the record of the trial it appears that the contention of the plaintiff in error is sound, and should be sustained, on the ground that the court erred in refusing to grant a new trial on account of the newly discovered evidence presented, in the motion therefor, by affidavit. It appears clearly to us that the newly discovered evidence was not only competent, but particularly relevant upon the pivotal point in the case, which, when boiled down, was a question of veracity between the two brokers, and we have not the slightest doubt but that if this evidence had been produced the jury would have arrived at a different verdict.

There appears to have been sufficient diligence shown in the matter, and sufficient reasons given as to why this evidence was not available at the trial; and while it might be said that the newly discovered evidence is, in a sense, cumulative, yet it is not altogether so; and, besides, the general rule that newly discovered evidence, merely cumulative in its nature, will not ordinarily be sufficient to require the granting of a new trial, yet this

general rule, like most others, has its exceptions; and one of them is, where the newly discovered evidence goes to the pivotal point in the case, and is of such a character and so convincing in its nature that the court can clearly see that with this evidence in the case a different verdict would most probably result, then in the interest of justice a new trial should be ordered. *Wilcox Silver Plate Co. v. Barclay,* 48 Hun (N. Y.) 54; *Clegg v. N. Y. Newspaper Union,* 51 Hun, 232, 4 N. Y. Supp. 280; *Bulkin v. Ehret* (Sup.) 20 N. Y. Supp. 731; *German Nat. Bank of Beatrice v. Edwards,* 63 Neb. 604, 88 N. W. 657; *Parsons v. Lewiston, B. & B. St. Ry. Co.,* 96 Me. 503, 52 Atl. 1006; *Hess v. Sloane,* 47 App. Div. 585, 62 N. Y. Supp. 666; *Wilson v. Seaman,* 15 S. D. 103, 87 N. W. 577; *Oberland & Co. v. Fixen,* 129 Cal. 690, 62 Pac. 254; *Levitsky v. Johnson,* 35 Cal. 41; *Barker v. French,* 18 Vt. 460; *Preston v. Otey,* 88 Va. 491, 14 S. E. 68; *Windham Co. Bk. v. Kendall,* 7 R. I. 77.

The cause is therefore reversed, with directions to grant a new trial.

By the Court: It is so ordered.