ELIZABETH M. GILPATRICK *vs.* BELA L. CHAMBERLAIN & Tr.

Penobscot.    Opinion October 24, 1922.

*The right of immediate possession at time of conversion is absolutely essential, though*
*plaintiff may be owner, to sustain trover.   Mortgagee entitled to possession of*
*chattel at time of execution of mortgage and thereafter unless otherwise pro-*
*vided by agreement.   Newly-discovered evidence not a ground for new*
*trial, if moving party had knowledge, or by due diligence, might*
*have obtain knowledge of such new evidence   nor unless a*
*different result seems probable.*

In order to maintain an action of trover the plaintiff must prove title to the prop-
erty or right of immediate possession thereof; and even though the plaintiff is
the general owner yet he must prove his right to possession at the time of
conversion.

The right of possession of a mortgaged chattel is in the mortgagee, before as well
as after breach of condition, unless otherwise provided by agreement between
the parties to the mortgage.

A new trial should not be granted on the ground of newly-discovered evidence
when the moving party knew before the original trial what his new witnesses
would testify to or, by the exercise of due diligence, might have known, nor
unless it seems probable that the testimony of the new witnesses would change
the result.

On exceptions and motion by plaintiff.  An action of trover alleging
conversion of an automobile.   Defendant pleaded the general issue,
and under a brief statement set up Res Judicata.

Defendant presented in evidence an unredeemed chattel mortgage
of the automobile, given by plaintiff to Arthur W. Gilpatrick, and
by him assigned to defendant.   At conclusion of the evidence the
presiding Justice upon motion by defendant directed a verdict for
defendant, and plaintiff excepted, and also file a motion for a new
trial on newly-discovered evidence.   Motion and exceptions over-
ruled.

The case is sufficiently stated in the opinion.

*Clinton C. Stevens,* for plaintiff.

*T. S. Bridges and Fellows & Fellows,* for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, JJ.

PHILBROOK, J.   This is an action of trover brought to recover damages for the alleged conversion of an automobile.   At the close of the evidence the presiding Justice directed a verdict for the defendant, to which ruling the plaintiff seasonably filed exceptions, and herewith presents the same for our consideration.   She also moves for a new trial on the ground of newly-discovered evidence.

EXCEPTIONS.

In order to maintain her action it was incumbent on the plaintiff to prove that she had title to the property, or was entitled to the immediate possession thereof.   *Landry* v. *Mandelstam*, 109 Maine, 376.   The action was begun November 17, 1920.   She alleges in her declaration that the conversion complained of occurred on November 3, 1920.

But the defendant presented in evidence an unredeemed chattel mortgage of the same automobile, dated June 29th, 1918, given by the plaintiff to Arthur W. Gilpatrick, and by him assigned to the defendant, the assignment bearing date of February 3, 1920.   This mortgage contained no provision for possession of the property by the mortgagor, and it is well-settled law that the right of possession of the chattel mortgaged is in the mortgagee, before as well as after breach of condition, unless controlled by an agreement between the parties.   *Libby* v. *Cushman*, 29 Maine, 429.   "It is elementary that to maintain trover the plaintiff, though the general owner, must have the right of possession at the time of conversion."   *Jones* v. *Cobb*, 84 Maine, 153.   As this plaintiff did not show her right of possession on November 3, 1920, the verdict for the defendant was properly ordered and the exception must be overruled.

MOTION.

The plaintiff asks a new trial on the ground of newly-discovered evidence.   A new trial should not be granted when the moving party knew before the original trial what his new witnesses would testify to, or by the exercise of due diligence might have known; nor unless

it seems probable that the testimony of the new witnesses would change the result. *Fitch* v. *Sidelinger*, 96 Maine, 70. Litigation over the title of the automobile has been in progress, with more or less delays, since June 26, 1918, when it was attached as the property of the plaintiff's husband. Defeat has been the plaintiff's lot at each stage of the litigation although more than one attorney has championed her cause. We have carefully examined the motion for new trial, the list of witnesses whom she now wishes to call to her assistance, and what those witnesses would testify to, in the light of all the evidence given in the record before us. It would be of little interest, except to the parties, to enter into an extended discussion of the testimony, or the lack of diligence on the part of the plaintiff in procuring the witnesses whom she now desires to call, but we are firmly persuaded that she has not brought herself within the salutary rule by which she would be entitled to have her motion granted, that the result would not be changed, and that justice does not weigh in her favor to the extent that further litigation should be conducted.

*Motion and exceptions overruled.*