LILLIAN BUMPUS *vs.* WILLIAM P. LYON.

Oxford.     Opinion, August 14, 1934.

*Arthur J. Henry,*
*George A. Hutchins,* for plaintiff.
*Albert Beliveau,* for defendant.

126

Sitting: Pattangall, C. J., Dunn, Sturgis, Barnes, Thaxter, Hudson, JJ.

Thaxter, J. The plaintiff in an action against the defendant for personal injuries received in an automobile accident won a verdict for $3500. The case is now before this court on the defendant's general motion for a new trial and on a special motion based on newly discovered evidence. As the special motion must be sustained, we shall not discuss the other.

The plaintiff was injured November 2, 1932. After the accident she was able to walk, and in fact did not consult a doctor until the next morning, who found that she had some pain in her back and that her nose was injured slightly. He treated the nose and advised x-rays of the back, which, however, were not taken. About a week later the plaintiff returned and complained of excessive menstrual flowing. On November 20th she consulted Dr. Call who found her weak and nervous; but she said nothing to him about her menstrual condition. On February 14th he examined her again, when she complained of her uterine trouble. She claimed at the trial that this condition was a result of the accident, and that prior thereto she had had no such difficulty. She testified as follows:

"Q. And did you tell Dr. McCarthy that for some time past, probably a year or so, you had been troubled more or less with excessive flowings?
A. No, sir.
Q. You hadn't been?
A. I hadn't been.
Q. And your periods were regular?
A. Yes, sir.
Q. All the time?
A. They had.
Q. And you never had any trouble in that direction?
A. They always were regular.
THE COURT: Do you mean—there may be a chance of misunderstanding there—Do you mean up to the time Dr. McCarthy examined you, or up to the time of this accident?
A. I was always regular up until this accident. I never varied over two or three days at any time."

The jury were given to understand and apparently believed that the plaintiff had been in good health prior to the accident, which resulted in a uterine disturbance of a serious nature. That this belief weighed heavily with them in the assessment of damages seems clear.

The newly discovered evidence is from three witnesses. A Mrs. Coolidge testifies that she had known the plaintiff for a number of years prior to the accident, that the plaintiff had complained to her of excessive menstrual flowing and that by reason of it her health had apparently been very poor. Dr. Stewart of South Paris testifies that in 1926 the plaintiff had consulted him about excessive menstruation, and that he had operated on her in an effort to cure this condition without beneficial result. Dr. Doughty of Oxford states that the plaintiff consulted him for the same trouble in 1928 and that he treated her in a hospital at Lewiston. The testimony of these three witnesses raises a strong presumption that the story which the plaintiff told the jury was false.

This court has in a number of instances indicated the conditions which will justify the granting of a new trial on the ground of newly discovered evidence. A new trial will not ordinarily be ordered when the complaining party by the exercise of due diligence might have discovered the evidence prior to the trial. *Gilpatrick* v. *Chamberlain*, 121 Me., 561, 118 A., 481. Without such limitation there would always be the danger of a retrial of every case because of the laxity of the party or his counsel seeking such relief. In the second place the newly discovered evidence must be of such character and weight, considered in connection with the evidence already in the case, that it seems probable that on a new trial, with the additional evidence, the result will be changed. *Parsons* v. *Lewiston, Brunswick and Bath Street Railway*, 96 Me., 503, 52 A., 1006.

Counsel for the plaintiff contends that there was not here due diligence on the part of this defendant in presenting this testimony. We feel differently. The fact of the plaintiff's condition was peculiarly within her own knowledge, and confided by her solely to her medical advisers and intimate friends. She deliberately concealed the fact; they disclosed the truth only when they became aware of the falsehood. The defendant cannot be charged with neglect for accepting the plaintiff's statement. But beyond this the

rule in question is not simply a legal formula to be rigidly applied in disregard of the purpose for which it was conceived. It was designed to further justice, not to thwart it, and to serve as a guide to the court in the exercise of what is in effect a sound discretion. *Nathan M. Rodman Company* v. *Kostis,* 121 Me., 90, 115 A., 557.

Counsel for the plaintiff argues that the new evidence is trivial, and is not of such a character as to create a probability of a changed result should the case be submitted to another jury. It seems to us to refute the plaintiff's testimony on a very vital point, the state of her health prior to the accident. If the evidence of the doctors who treated her is to be believed, she herself apparently regarded this fact of sufficient importance to conceal it from the jury.

Not only is it proper that there should be a new trial in this case, but the duty on the court to order it is imperative.

> *Special motion sustained.*
> *New trial granted.*