Forest O. HATCHER, Plaintiff in Error,

v.

Howard Leon MORRIS and Transcon Lines, Inc., and Transport Indemnity Company, Defendants in Error.

No. 41592.

Supreme Court of Oklahoma.

May 22, 1968.

A. Bob Jordan, Oklahoma City, and Jim Jones, Sallisaw, for plaintiff in error.

Foliart, Shepherd & McPherren, Oklahoma City, for defendants in error.

### PER CURIAM:

Plaintiff in error, hereinafter referred to as "plaintiff", commenced this action against the truck lines, hereinafter referred to individually as "Transcon", its insurance carrier, and the driver of one of its trailer-trucks, Howard Leon Morris, appearing here as defendants in error.

The action arose out of a collision between the automobile plaintiff was driving, and Transcon's trailer-truck at approximately 3:00 A.M., on June 2, 1963, 3 miles west of Sallisaw, Oklahoma, on U. S. Highway No. 64. Both vehicles were damaged and their drivers injured.

Plaintiff sought recovery for his alleged damages on the theory that the collision was caused by the trailer-truck, which was traveling in a westerly direction, suddenly swerving across the highway's center line and entering its south traffic lane, on which his auto was traveling east. In separate cross petitions, the defendants, Transcon and Morris, sought damages from plaintiff on the theory that his auto suddenly swerved across the highway's center line, and collided with the trailer-truck in said road's north traffic lane.

Both the plaintiff and defendants introduced evidence, including testimony of the drivers of both vehicles (as eye-witnesses) to support their respective theories; but the jury, in separate verdicts, awarded defendants damages on their cross petitions; and judgment was entered accordingly in May, 1964.

Thereafter, plaintiff filed an amended motion for new trial on the ground, among others, of newly discovered evidence. Attached to said motion was an affidavit by the plaintiff to the effect that, before the trial, although he had made diligent search, he had been unable to learn of anyone, except the respective drivers of the two vehicles involved, who witnessed the collision; but that, after the trial, in September, 1964, he had discovered, for the first time, that one Monroe Lowrimore, witnessed it. In Lowrimore's affidavit, also attached to said motion, this prospective witness stated, among other things in substance, that, immediately before the collision, he saw the truck "pulling to the left as if to pass another vehicle * * *", and that it was "exactly straddle" of U. S. Highway 64's center line when it collided with plaintiff's auto.

After a rather lengthy hearing on this motion, the court overruled it, the journal entry of its order being general in terms and containing no specific findings, or statements, revealing the ground, or grounds, on which it was based.

Thereafter, plaintiff perfected this appeal, and, for reversal of the trial court's order overruling the above described motion for a new trial, he first argues in substance, that the affidavits

attached to said motion, showed that the testimony he proposed to elicit from the newly discovered witness, Lowrimore, met the six requirements of newly discovered evidence set forth in the rule referred to in Vickers v. Phillip Carey Co., 49 Okl. 231, 151 P. 1023, as follows:

" * * * (1) It must be such as will probably change the result if a new trial be granted; (2) it must have been discovered since the trial; (3) it must be such as could not have been discovered before the trial by the exercise of due diligence; (4) it must be material to the issue; (5) it must not be merely cumulative to the former evidence; (6) it must not be to merely impeach or contradict the former evidence."

Plaintiff refers to Lowrimore as the only "independent" eyewitness to the collision, and quotes from the cited case to support his statement that "independent evidence" is not "cumulative". Plaintiff's argument is misleading. Characterizing the proposed witness, Lowrimore, as an "independent" witness would ordinarily connote that, unlike the driver eyewitnesses, he was in a neutral position and independent of any relationship with plaintiff, or either defendant; but it does not mean that, despite such a witness's potential freedom from bias, or prejudice, his testimony would relate to "distinct and independent facts of a different character * * *" within the meaning of that expression as contained in the Vickers case. We think it is obvious from the representations made concerning Lowrimore's proposed testimony, both in the affidavits accompanying plaintiff's amended motion for a new trial and the statements made concerning it at the hearing on said motion, that such testimony, like that given at the trial by both drivers, would have concerned the same pivotal point, i. e., which of the vehicles was in the wrong traffic lane of the highway at the time the collision occurred. Thus, we have no doubt that such testimony by Lowrimore would be cumulative, within the correct meaning of that term.

But, plaintiff further argues that, even though it might be cumulative, Lowrimore's proposed testimony was such as to come within the exception to the rule disqualifying cumulative evidence, as a ground for a new trial. Said exception is described in Burford v. Benton, 44 Okl. 283, 144 P. 349, 350, quoted by plaintiff as: " * * * where the newly discovered evidence goes to the pivotal point in the case, and is of such a character and so convincing in its nature, that the court can clearly see that with this evidence in the case a different verdict would most probably result * * *". In support of this argument, plaintiff says the trial court "conceded" that testimony such as that proffered by Lowrimore "would have probably changed the outcome of the trial, * * *". Reference to the pages of the casemade plaintiff cites in support of this statement, reveals that, in his colloquy with plaintiff's attorney during the latter's argument on the amended motion for a new trial, the trial judge first referred to the six requirements of "newly discovered evidence" in the same order they are quoted above from the Vickers case, and also said to the attorney: "Let's just grant you one (referring to '(1)' above) * * * for example." Whether, or not, this rather casual, or informal, remark may be characterized as the concession plaintiff's brief represents it to be, it is not ground for reversing the order and/or judgment appealed from herein. See Irwin v. Irwin, Okl., 416 P.2d 853, 857, citing Beck v. Beck, Okl., 379 P.2d 672; Ralston v. Tucker, Okl., 324 P.2d 525, and other cases.

Plaintiff's only other proposition deals with the trial court's instructions. While there is some discussion in the briefs as to whether, or not, in view of the defendant Morris' pleadings, the court should have instructed the jury (as it did) that, if they found contributory negligence on the part of the plaintiff, no recovery could be allowed him against that defendant, the essence of plaintiff's complaints concerning the instructions seems to be

that, since the court instructed the jury that a finding of contributory negligence on the part of the plaintiff would preclude him from recovering (on the causes of action alleged in his petition) against the defendants, the jury should also have been instructed that contributory negligence on the part of the defendant, Morris, would preclude defendants from recovering on their cross petitions against the plaintiff.

▆▆▆ Plaintiff's counsel seems to recognize that they neither requested any instructions, nor interposed any objections to those given by the Court; but they rely on the rule that it is the duty of the court to instruct on fundamental issues, without request. We find no reversible error in the Court's instructions. In its Instruction No. 14, the court made it plain to the jury that if they found the defendant, Morris, guilty of negligence, and the plaintiff not guilty of contributory negligence, their verdict should be for plaintiff and against the defendants. In its Instruction No. 6, the court defined "contributory negligence" and, although it is referred to therein as conduct on the part of the "plaintiff", we think that, by considering this instruction with others given by the court, the jury must have perceived that contributory negligence on the part of the defendants would preclude them from recovering on their cross petitions quite as conclusively as contributory negligence on the part of the plaintiff would preclude him from recovering on his petition. There is nothing to indicate that the jury received any other implication from the court's instructions. We have had previous occasions to refer to the jury's perceptive powers (see Bready v. Tipton, Okl., 407 P.2d 194, 201; Lewal-len v. Cardwell, Okl., 325 P.2d 1074, 1078). Whether the verdict is sufficiently supported by the evidence is usually the best criterion of whether the complaining party has suffered prejudice from the court's instructions; and plaintiff makes no attempt to demonstrate that the evidence in this case does not support the verdict for defendants. Here, we think the court instructed the jury on the fundamental issues in a general way. If plaintiff desired more specific, or additional, instructions on the subject of contributory negligence it was his duty to request them. See Otis Elevator Co. v. Melott, Okl., 281 P.2d 408, and Oklahoma Transportation Co. v. Stine, Okl., 280 P.2d 1020. Failing to do this, he waived the alleged errors he now complains of. Wat Henry Pontiac, Inc. v. Pitcock, Okl., 301 P.2d 203. As plaintiff has shown no fundamental, or prejudicial, error in the court's instructions, and raises no issue as to his liability for defendants' recovery against him, we can only conclude that the trial court committed no error in overruling his amended motion for a new trial. In this connection, see Missouri-Kansas, Texas R. R. Co. v. Jones, Okl., 354 P.2d 415, 422. That ruling and judgment is therefore affirmed.

The Court acknowledges the aid of the Supernumerary Judge, Harry L. S. Halley, in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.

JACKSON, C. J., IRWIN, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, BERRY, LAVENDER and McINERNEY, JJ., concur.