**Dr. Michael WURTH, Appellant,**

v.

**OKLAHOMA CITY UNIVERSITY,
Appellee.**

**No. 82857.**

Court of Appeals of Oklahoma,
Division No. 3.

June 27, 1995.

Certiorari Denied Nov. 22, 1995.

---

**26.** 20 O.S.1991, § 3001.1.

**27.** As a result of this ruling Livingston's Motion for New Trial before this Court is moot and therefore dismissed.

Jack S. Dawson, James A. Scimeca, Oklahoma City, for Appellant/Counter–Appellee.

John C. Niemeyer, Fred A. Leibrock, Oklahoma City, for Appellee/Counter–Appellant.

## OPINION

HUNTER, Judge:

Oklahoma City University (OCU or Appellee) terminated Appellant Dr. Wurth's employment on the ground of incompetence. Dr. Wurth, as a tenured professor of chemistry, took advantage of the due process procedures afforded by OCU. Despite the recommendation of the Faculty Hearing Board, OCU discharged Dr. Wurth for cause. Dr. Wurth then filed a lawsuit alleging OCU breached the parties' employment contract, the terms of which are set forth in the Faculty Handbook.

In a prior appeal, Division 4 of the Court of Appeals reversed the trial court's order granting summary judgment in favor of OCU and remanded the case for trial. Division 4 specifically found that "Wurth's claim involves interpretation of the terms of the handbook, as written at the time Wurth executed his contract, and a determination of whether OCU followed the procedures set forth in the handbook." The breach of contract action was then tried to a jury, which returned a verdict in favor of OCU. Appellant moved for judgment notwithstanding the verdict claiming the verdict was not sup-

ported by the evidence. The trial court overruled the motion and this appeal ensued.

## ISSUES

Wurth contends that the trial court erred when it denied his motion for directed verdict, claiming that the terms of the handbook were unambiguous so that OCU's interpretation of the handbook should not have been allowed. Wurth also asserts that there was no evidence showing OCU's compliance with the contract and that the trial court erred in submitting the breach of contract issue to the jury. Finally, Wurth maintains that the judgment should be reversed based on erroneous jury instructions.

## STANDARDS OF REVIEW

 When considering directed verdicts or judgments notwithstanding the verdict, the court disregards conflicting evidence favorable to the movant. *Sadler v. T.J. Hughes Lumber Co.,* 537 P.2d 454, 458 (Okl. App.1975). In reviewing a judgment entered on a jury verdict, we follow the rule that "[I]n a law action the verdict of the jury is conclusive as to all disputed facts and all conflicting statements, and *where there is any competent evidence reasonably tending to support the verdict of the jury,* this court will not disturb the verdict and judgment based thereon." *Walker v. St. Louis–San Francisco Ry. Co.,* 646 P.2d 593, 597 (Okl. 1982). The appellate court will not disturb a judgment because of allegedly erroneous instructions, "unless it appears reasonably certain that the jury was misled thereby, resulting in prejudice to the complaining party." *Missouri–Kansas–Texas Railroad Co. v. Harper,* 468 P.2d 1014, 1020 (Okl.1970). We are aided in determining whether the complaining party has suffered prejudice from the court's instructions by determination of whether the verdict is sufficiently supported by the evidence. *Hatcher v. Morris,* 441 P.2d 462, 465 (Okl.1968).

## FINDINGS ON REVIEW

 Because Division 4 reversed the grant of summary judgment in favor of OCU on the ground that Appellant's claim involved interpretation of the terms of the handbook, a decision which allowed Appellant's case to go to trial, we find Division 4's opinion to be the law of this case on that issue. Appellant claims that the only procedure available to OCU for terminating his contract was through the "evaluation/opportunity to correct deficiencies" method found in Chapter II(A)(2)(B), (Section B) of the Handbook. OCU claimed, on the other hand, that it could initiate an action to discharge Wurth "for cause" pursuant to Chapter II(A)(2)(F)(3)(ii). The jury's verdict in favor of OCU proved the better reasoned position prevailed. Termination of employment after failing to improve unsatisfactory performance is different from being discharged for cause unrelated to performance. For performance-based adverse personnel actions, evaluations and the opportunity to improve the performance are legitimate safeguards given to tenured employees. Conversely, a tenured employee may be discharged from employment for such causes as conduct involving moral turpitude or failure to maintain the level of competence necessary for tenure. Evaluation of job-performance does not necessarily relate to these causes. There was ample evidence presented to the jury that OCU dismissed Wurth for cause and did not have to use the procedure set forth when the adverse personnel action is based on unsatisfactory performance.

We have reviewed the instructions of which Appellant complains and have read the instructions as a whole. Because we find that the jury rendered a proper verdict, based on the evidence, we cannot find that it was misled by the instructions or that Appellant was prejudiced by the instructions.

## COUNTER APPEAL

 Appellee asks us to extend 12 O.S. 1991 § 936 which entitles a prevailing party to attorney fees, to be taxed as costs, in any civil action for labor and services.[1] We de-

---

1. 12 O.S.1991 § 936: In any civil action to recover on an open account, statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares or merchandise, or for labor and services, unless otherwise provided by law or the

cline to do so based on *Russell v. Flanagan,* 544 P.2d 510, 512 (Okl.1975). The Oklahoma Supreme Court has held that the action must be one for labor or services *rendered,* which was not the case in this matter. (emphases ours). Speaking of § 936, the *Russell* court stated:

> We believe that the addition of the phrase "or for labor or services" by amendment to the statute in 1970 was intended by the legislature to be limited to those situations where suit is brought for labor and services rendered.

For these reasons, we affirm the judgment entered by the court which entered judgment on the verdict in favor of OCU and which denied OCU's motion for § 936 attorney fees.

AFFIRMED.

ADAMS and JOPLIN, JJ., concur.

contract which is the subject of the action, the prevailing party shall be entitled to a reasonable attorney fee to be set by the court, to be taxed and collected as costs.